**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

KIMBERLY STARLING, on behalf of
herself and others similarly situated,

    Petitioner,

v.

NAVLAN PR, LLC d/b/a INBOUNDCD and
RYAN BLACKMAN,

    Respondents.

Civil No. 26-mc-129(FAB)

RECEIVED CASHIER

CLERK'S OFFICE USDC PR

2026 APR 13 PM4:29

RECEIPT # 123225
AMOUNT: $52.05
APR 13 2026
CASHIER'S SIGNATURE

## MOTION TO ENFORCE SUBPOENAS AGAINST
## NAVLAN PR, LLC D/B/A INBOUNDCD AND RYAN BLACKMAN

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Plaintiff Kimberly Starling ("Plaintiff"), the plaintiff in the underlying lawsuit, *Starling v. Allstate Ins. Co.*, No. 1:25-cv-4000 (N.D. Ill.) ("the Lawsuit") files this motion to enforce subpoenas against Navlan PR LLC d/b/a InboundCD and Ryan Blackman ("Respondents").

**I.     Relevant Background**

On July 16, 2024, Plaintiff received an unsolicited prerecorded call to her cellular telephone saying "Hi. This is Jen from Allstate. How are you doing today?" Complaint, ¶ 20. During the phone call, Plaintiff was transferred by the caller to a local Allstate insurance agency to solicit her for car insurance. Compl. ¶ 27.

On April 14, 2025, Plaintiff sued Allstate Insurance Company ("Allstate") in the United States District Court for the Northern District of Illinois, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Allstate's Initial Disclosures identified Navlan

PR LLC d/b/a InboundCD ("InboundCD") as the third-party vendor who is believed to have knowledge or information concerning the July 16, 2024 phone call.[1]

Plaintiff undertook many efforts to serve subpoenas to InboundCD and its principal, Ryan Blackman, which were initially unsuccessful. However, on October 1, 2025, Plaintiff filed an Agreed Motion for an Order Approving Service of Process by Alternative Means on Navlan PR LLC and Ryan Blackman, detailing Plaintiff's diligence in attempting service of the subpoenas, and requesting leave to serve the subpoenas by First Class Mail and by email at addresses known to be used by Respondents. ECF No. 27. The Motion is attached hereto as Exhibit A. On October 3, 2025, the Court granted the Motion for Alternative Service. ECF No. 29, attached hereto as Exhibit B.

Plaintiff served subpoenas in accordance with the Court's Order to the email addresses known to be used by Blackman and InboundCD and mailed copies of the subpoenas to mailing addresses known to be addresses where Blackman and InboundCD receive mail. *See* Email and Tracking Information, attached hereto as Exhibit C. The subpoenas sought to be enforced are attached as Exhibit D. There was no response. One week before the first date of compliance, Plaintiff's counsel emailed Blackman and InboundCD again to follow up. There was no response.

The subpoena for documents to InboundCD required compliance by October 31, 2025. InboundCD did not produce responsive documents, did not serve objections, and did not attempt to contact Plaintiff's counsel in any way by this deadline.

The subpoena to Blackman required production of documents and appearance for a Zoom deposition on November 7, 2025. *See* Exhibit D. Blackman did not appear, did not produce documents, did not move to quash, and did not acknowledge the subpoenas at all. He completely ignored the subpoenas.

---

[1] InboundCD is an approved Allstate telemarketing vendor and has an ongoing business relationship with Allstate.

2

On November 26, 2025, Plaintiff's counsel received a letter served by email from an attorney representing Blackman and InboundCD, Alfredo Fernández-Martinez, Esq. *See* Exhibit E. The letter raised objections but agreed to produce certain unspecified documents that supposedly would "confirm that neither [InboundCD nor Blackman] had any involvement whatsoever in the conduct alleged." *Id.* Plaintiff's counsel spoke with counsel by telephone on December 8, 2025. Finally, after Plaintiff's counsel followed up, InboundCD and Blackman served a production of documents on January 23, 2026.

The document production was incomplete, non-responsive, and consisted of documents evidencing that the purported logs of telephone calls and customer leads on the date in question (July 16, 2024) contained flawed and inaccurate information.

Specifically, Respondents' production failed to comply with the following categories of the subpoenas in the following material respects: (a) Request Nos. 1-2, 25 (vendor and service provider identification): Respondents produced no documents identifying affiliated vendors, telecommunication s providers, or CRM platforms used in the calling campaigns; (b) Request Nos. 4-6, 12 (contracts with Allstate, Deborah Naulls Insurance, and other Allstate insurance agencies): no agreement, schedule addendum, or statement of work was produced; (c) Requests Nos. 14-17 (systems, call logs, soundboard scripts, audio files, and call metadata): Respondents failed to produce complete and accurate call logs or any other responsive documents; (d) Request No. 21 (compliance policies): no document relating to TCPA compliance, DNC list maintenance, or prior express written consent was produced; and (e) Request No. 27 (complaints and enforcement history): no responsive document was produced. This Court should compel production of all documents responsive to the full scope of the subpoenas.

3

Respondents asserted that the production of documents would show that they never called Plaintiff. The testimony of Allstate agent Karon King, who spoke to Plaintiff on July 16, 2024 and documents produced by Respondents belie this claim. Mr. King testified that InboundCD transferred the Plaintiff to him on July 16, 2024. Deborah Naulls, the owner of the Allstate agency, also recently testified that InboundCD was the marketer used on the date in question and that it could not have been any other marketer that would have transferred the call to Mr. King.

And, although the leads and transfer files produced by Respondents contain information other than Plaintiff's name or telephone number, the production also included email communications between the agency owner and InboundCD on July 16, 2024, that state that the "names now appearing on the [InboundCD] dashboard are not the names of the callers we have received." *See* Email from Deborah Naulls to Zac Donald on July 16, 2024, attached as Exhibit F.[2] Far from proving that Plaintiff was never called, the documents show that the names on the documents were not the persons who were called and transferred to the Naulls agency. Respondents' limited, selective, and incomplete document production reinforces Plaintiff's need for full and complete responses to all categories of documents requested in the subpoenas, and the need for the requested depositions. In addition, Plaintiff issued a subpoena to the carrier of the Allstate agency that InboundCD transferred her to. Those records show a phone call from a phone number listed on InboundCD's website to the agency's phone number with a consistent time stamp and duration as the call that Plaintiff recorded, which proves InboundCD in fact transferred Plaintiff's call.

## II.    Argument

### A.    The Subpoenas Are Enforceable

---

[2] InboundCD provides a dashboard or online portal to its clients that provide the clients with a list of the consumer leads (name, number, etc.) that were transferred to the client by InboundCD.

Rule 45 permits a party to obtain relevant information in the form of documents or deposition testimony from a non-party through issuance of a subpoena. *See* Fed. R. Civ. P. 45; *see also Datta v. Armor Correctional Health Servs., Inc.*, No. 8:15-cv-601-T-27TBM, 2015 WL 12838185, at *2 (M.D. Fla. July 17, 2015). Rule 45 authorizes a party serving a subpoena to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(1).

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." *Civelli v. J.P. Morgan Sec., LLC*, No. 2:21-MC-00163-JCN, 2021 WL 2853647, at *2 (D. Me. July 8, 2021). District courts in the First Circuit have acknowledged a growing number of courts that have approved alternative service of a subpoena "so long as service is calculated to provide timely actual notice" and a demonstration of prior diligent attempts to serve the subpoena personally. *Beer v. Toyota Motor Corp.*, No. 2:24-CV-00197-LEW, 2025 WL 2646303, at *1 (D. Me. Sept. 15, 2025); *Bloom v. Campbell*, No. CV 24-10339-RGS, 2025 WL 1859382, at *1 (D. Mass. June 17, 2025).

Here, Plaintiff made a showing of diligence to the Court presiding over the Lawsuit and the Court entered an Order approving alternative service as requested. *See* Exhibits A–B. Plaintiff caused the subpoenas to be served in accordance with the Order in sufficient time to provide actual notice to the Respondents. *See* Exhibit C.

Respondents have actual notice of the subpoenas and have likely been engaged in evading service. Allstate's counsel states that, as recently as August 29, 2025, counsel for Allstate spoke with Blackman and another InboundCD employee about the Lawsuit, was provided limited information from Blackman about the Lawsuit, and informed Blackman that Plaintiff's counsel was attempting to subpoena InboundCD and Blackman. *See* November 3, 2025 Email from Jani Mikel,

5

attached hereto as Exhibit G. In addition to the formal service efforts, Plaintiff's counsel attempted to contact Blackman at the email address designated for use in connection with the agreement with Defendant and which he still uses. After the deadlines for compliance with the subpoenas passed, an attorney for Respondents contacted Plaintiff's counsel, acknowledging that service of the subpoenas was "effected by email." *See* Exhibit E.

Finally, courts have enforced subpoenas for documents that contemplate production by email or by mail. *See Planet Fitness Int'l Franchise v. JEG-United, LLC*, 602 F. Supp. 3d 258, 264 (D.N.H. 2022). Courts have also enforced deposition subpoenas calling for the witness to appear remotely via videoconference. *Matter of Holsen*, No. 22-MC-24-JPS, 2022 WL 3213367, at *3 (E.D. Wis. Aug. 9, 2022); *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, No. 119CV00600DADJLT, 2020 WL 4748324, at *6 (E.D. Cal. Aug. 17, 2020).

Therefore, the subpoenas are enforceable.

This Court is the proper forum to enforce these subpoenas. Respondent Navlan PR LLC is organized under Puerto Rico law, maintains its registered address at 101 Ave. de Diego, Urb. San Francisco, San Juan, Puerto Rico, and Ryan Blackman, its principal, has been associated with a residential address in a gated community in Puerto Rico where service was attempted. *See* Exhibit A at 5-6. Because Respondents are located in Puerto Rico, and because practical compliance – including document retrieval, deposition preparation, and any appearance by Blackman – necessarily occurs here, the District of Puerto Rico is the district "where compliance is required" within the meaning of Fed. R. Civ. P. 45 (d)(2)(B)(i); Fed. R. Civ. P. 45 (c)(2)(A) (subpoena for production commands compliance "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person").

**B.    Respondents Refused to Comply with the Subpoenas**

6

The subpoena for documents issued to InboundCD required production of documents by October 31, 2025. No documents were timely produced, no objections were served, and no extensions were requested by the deadline. InboundCD just ignored the subpoena. Accordingly, Plaintiff requests an order compelling InboundCD to fully comply with the subpoena and produce the requested documents within 14 days of the order, or be held in contempt of court, along with the principals of InboundCD who have decision-making authority to refuse to comply with the Order—namely, Ryan Blackman. *See N.L.R.B. v. Maine Caterers, Inc.*, 732 F.2d 689, 691 (1st Cir. 1984) ("It is well established, however, that an officer, responsible for the corporation's affairs and for its disobedience, may be held liable for contempt.").

The subpoena for deposition issued to Blackman required his appearance on November 7, 2025. Blackman never confirmed receipt of the subpoena, nor responded to Plaintiff's counsel's emails attempting to confirm that the deposition was going forward as noticed. Plaintiff therefore requests an Order compelling Blackman to appear for a deposition or to appear before the Court and show cause why he should not be held in contempt for failing to comply with the subpoena.

To the extent the Court decides to entertain the purported objections lodged in Respondents' letter correspondence in Exhibit E, the objections should be overruled. As shown above, Respondents' challenge that they were improperly served lacks merit. Service was accomplished in the manner specifically approved by a Court Order after Plaintiff showed that alternative service was appropriate. Exhibits A–B. Moreover, Respondents had actual notice of the subpoenas and failed to raise any objection to the manner of service in a timely manner, thereby waiving the objections. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-MC-00293 (JAG)(HRV), 2025 WL 2433236, at *2 (D.P.R. Aug. 22, 2025) "Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection").

7

In addition, the objections to scope, burden, and overbreadth are insufficiently articulated, unsupported, and wrong. Respondents bear the burden of establishing burden and their statements constitute highly generalized objections without support, which does not preserve the objection. *See Brenford Env't Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 147 (D.P.R. 2010). The requests seek relevant and proportional information that go to the claims and defenses in the Lawsuit.

## III.    Conclusion

For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's motion to enforce subpoenas, and such other relief as the Court deems just and appropriate.

Date: April 13, 2026

Respectfully submitted,

/s/ Jairo Mellado-Villarreal
USDC No. 208112
jmellado@mellado.com

/s/ Tessie Leal-Garabis
USDC No. 218408
tleal@mellado.com

MELLADO & MELLADO-VILLARREAL LLC
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. 787-767-2600/Fax 787-767-2645

*Counsel for Kimberly Starling*

8

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to L.Cv.R. 5.1(a), I filed the foregoing document in person at the Clerk's Office of the U.S. District Court for the District of Puerto Rico, and I hereby certify that on April 13, 2026, a copy of the foregoing was served via e-mail on the following counsel of record:

**Ryan Alan Roman**
Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
ryan.roman@akerman.com

**Jani K Mikel**
Akerman LLP
71 S. Wacker
47th Floor
Chicago, IL 60606
jani.mikel@akerman.com

Counsel for Defendant Allstate Insurance Co.

Alfredo Fernández-Martinez
Delgado Fernández LLC
T-Mobile Center at San Patricio
B7 Tabonuco St., Suite 1000
Guaynabo, Puerto Rico 00968-3028
afernandez@delgadofernandez.com

Counsel for Respondents Navlan PR LLC and Ryan Blackman

In San Juan, Puerto Rico, this 13th day of April, 2026.

*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com

**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645

9