# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KIMBERLY STARLING, on behalf of herself and others similarly situated,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

Case No.: 1:25-CV-4000

Honorable Matthew F. Kennelly

**AGREED MOTION FOR AN ORDER APPROVING SERVICE OF PROCESS BY ALTERNATIVE MEANS ON NAVLAN PR LLC AND RYAN BLACKMAN**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff Kimberly Starling ("Plaintiff") requests an Order approving service of process by alternative means on third parties Navlan PR LLC ("Navlan"), and Ryan Blackman a/k/a Ryan Daniel ("Blackman"), whom Defendant Allstate Insurance Company identified in its initial disclosures as the vendor (and the vendor's principal) that placed the calls at issue in this case that Plaintiff alleges violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff requests the Court's approval of service by delivering via First Class mail and email, subpoenas issued to the respective third parties (*see* subpoenas, attached hereto as Exhibits 1–2)[1] and a copy of the Order approving alternative service (1) to a mailing address specifically designated by Blackman in prior correspondence with Plaintiff as the mailing address to "send a formal demand or file a formal complaint" (*see* email from Blackman, attached hereto as Exhibit 3), and (2) to the mailing address

[1] The times and dates for compliance will be amended to reflect a reasonable date once the Court decides this Motion.

identified in Allstate's contract with Navlan for providing notices and correspondence; (3) to the email address that Blackman used when corresponding with Plaintiff as of July 18, 2024, and (4) to the email address listed on the website inboundcd.com, admin@inboundcd.com.

Prior to filing the motion, Plaintiff's counsel sent a draft of this motion to counsel for Defendant Allstate Ins. Co. ("Defendant") and counsel for Defendant indicated that Defendant has no objection to the motion, and consents to this being an agreed motion.

**A. Navlan PR LLC**

Service of a summons and complaint on a limited liability company is governed by Federal Rule of Civil Procedure 4(h). *Lockhart v. HSBC Fin. Corp.*, 13 C 9323, 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015). Specifically,

> Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.
>
> Fed. R. Civ. P. 4(h).

Fed. R Civ. P. 4(e)(1) prescribes any method of service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Lockhart*, 2015 WL 4111346, at *2.

Under Illinois law, "any process, notice, or demand required or permitted by law to be

served upon . . . a limited liability company . . . shall be served either upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this section." 805 ILCS 180/1-50(a). Plaintiff has not identified any record of a registered agent in Illinois for Navlan PR LLC on the Illinois Secretary of State website.

Navlan PR LLC is organized under Puerto Rico law and service is to be made in the Commonwealth of Puerto Rico. *See* Puerto Rico Secretary of State online database record, attached hereto as Exhibit 4. According to Puerto Rico law," [w]henever a[n LLC] cannot be served by due diligence with process by delivery to any person authorized to receive it pursuant to the provisions of subsection (a) of this section, process may be served in the manner provided in the Rules of Civil Procedure of the Commonwealth." 14 L.P.R.A. § 3781; 14 L.P.R.A. § 3955.

Rule 4.6 of the Rules of Civil Procedure of the Commonwealth states:

> When the person to be served is outside Puerto Rico or, if in Puerto Rico, could not be located after reasonable diligence or is hiding to avoid being served, or when summons is to be served on a foreign corporation with no resident agent and it is proven to the satisfaction of the court by affidavit stating the efforts made to serve process, and this affidavit or the complaint filed also establishes the existence of a claim that warrants relief against the person upon whom service is to be effected or that said person is a proper party to the action, the court may order a summons be served by publication of notice. Return of unexecuted process shall not be required as a condition for issuing an order for publication of service. The order shall direct the publication to be made once in a newspaper of general circulation in the island of Puerto Rico. The order shall also direct that a copy of the summons and of the complaint be sent to the defendant, within ten (10) days following the date of publication, by certified mail, return receipt requested, or by any other mail delivery service requiring a signed receipt therefor, provided that said entity has no ties with the defendant and no interest in the litigation, at the defendant's last known physical or mailing.

Here, Plaintiff has established that Navlan could not be located after reasonable diligence. On July 14, 2025, Plaintiff attempted service of the subpoena at the registered agent listed on the Puerto Rico Secretary of State business records, but "the location was occupied by an accounting

and consulting firm named PSV" and "the recipient was not a client of the firm." *See* Affidavit of Non-Service for Navlan, attached hereto as Exhibit 5.

According to a search on Google, the address Blackman listed in his emails with Plaintiff goes to a P.O. Box for a business named Dorado Mail Solutions. *See* address on Exhibit 3. A screenshot from Google maps shows this location as of April 2025:




The other address that Defendant provided in its supplemental initial disclosures for Navlan is a Wyoming address associated with 25 businesses according to Google. A screenshot from Google maps shows that it is most likely a mailing address only, and Blackman (or any other authorized person for Navlan) will not be present at that location:




However, Defendant's counsel has made oral representations to Plaintiff's counsel that it believes that Blackman will receive documents and correspondence sent to this address.[2]

**B. Ryan Blackman**

After service on Navlan in Puerto Rico was unsuccessful, Plaintiff proceeded to attempt service of a subpoena on Blackman, who has (or had) a primary residence in Malibu, California. However, according to the Affidavit of Non-Service for Blackman, the residence is vacant as a result of the recent wildfires. *See* Affidavit of Non-Service in Malibu, CA, attached hereto as Exhibit 6.

Plaintiff also attempted service of the subpoena on Blackman at a business address in Santa Monica, California associated with a number of other businesses Blackman is involved with, including Navlan. Blackman was not present there and the individual who spoke with the process server claimed not to know Blackman. *See* Affidavit of Non-Service in Santa Monica, CA, attached hereto as Exhibit 7. Plaintiff then attempted service on a residential address in Los

[2] Plaintiff understands that Defendant and Navlan maintain an ongoing business relationship in which Navlan acts as a vendor, and Blackman remains Navlan's principal.

Angeles associated with Blackman, but was unsuccessful in serving him there, and the owner stated that they do not know Blackman. *See* Affidavit of Non-Service in Los Angeles, CA, attached hereto as Exhibit 8.

Finally, Plaintiff attempted personal service of the subpoena on Blackman to a residence in Puerto Rico in a gated community. The process server was unable to complete service and was denied access at the gate. *See* Email from Process Server detailing attempt to serve subpoena, attached as Exhibit 9.

On August 19, 2025, Plaintiff's counsel emailed Blackman at ryan@inboundcd.com asking if he would consent to electronic service of the subpoena. Prior to the filing of this lawsuit, Plaintiff received emails from Blackman from this email address. While Blackman did not respond to counsel's August 19, 2025 email, the email was successfully delivered, as demonstrated by the absence of a notice of delivery failure.

On the website inboundcd.com, there are terms and conditions that provide that the business can be contacted at the email address: admin@inboundcd.com, as follows:

inboundcd.com/terms

8:57 Downloads Notes of Decisions -...

InboundCD HOW IT WORKS COMPLIANCE COMPARE US LOG IN PRICING SIGN UP (888) 214-7881

or the Service following the posting of any changes to these Terms of Service constitutes acceptance of those changes.

## SECTION 20 - CONTACT INFORMATION

Questions about the Terms of Service should be sent to us at admin@inboundcd.com

## SECTION 21 - AUTHORIZED PARTIES

By agreeing to this agreement you are affirming that you are fully authorized to do so by your organization on behalf of your organization.

Accordingly, because Plaintiff has demonstrated diligence in her attempts to complete service of subpoenas and personal service is not able to be completed, Plaintiff requests that the Court approve service of subpoenas on Navlan and Blackman as follows:

By mailing copies of the subpoenas to the following mailing addresses, along with the Court's order granting Plaintiff's motion for alternative service:

1. 425 Carr 693 Suite 1-348
   Dorado, Puerto Rico 00646

2. 34 N. Franklin Avenue, Ste 687-1845
   Pinedale, WY 82941

And by email to:

3. admin@inboundcd.com

4. ryan@inboundcd.com.

If the Court deems it necessary and so orders, Plaintiff will also publish notice in a Puerto Rico publication pursuant to the Puerto Rico Rules of Civil Procedure. But, because the proposed

mailing and email service are far more likely to actually reach Blackman or other decisionmakers at Navlan, Plaintiff requests that publication notice not be required.

Respectfully,

/s/ Jeffrey Blake

Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

KIMBERLY STARLING
*Plaintiff*
v.
ALLSTATE INSURANCE COMPANY
*Defendant*

Civil Action No. 1:25-CV-4000

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NAVLAN PR LLC
101 AVE DE DIEGO URB SAN FRANCISCO, SAN JUAN, PR 00927
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A.

| Place: | Date and Time: |
|---|---|
| via email to jeff@attorneyzim.com and max.morgan@theweitzfirm.com. If you require a physical address, please contact the undersigned. | 08/01/2025 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/01/2025

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Jeffrey Blake
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Kimberly Starling , who issues or requests this subpoena, are:

Zimmerman Law Offices, 77 W. Washington St. Ste. 1220, Chicago, IL 60602; tom@attorneyzim.com 312-440-0020

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-CV-4000

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________
*Server's signature*

____________________________
*Printed name and title*

____________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and others similarly situated,*<br>*Plaintiff,*<br>v.<br>**ALLSTATE INSURANCE COMPANY,**<br>*Defendant.* | Case No.: 1:25-cv-4000<br><br>**District Judge Matthew F. Kennelly**<br>**Magistrate Judge Jeffrey N. Cole** |

**SCHEDULE A TO SUBPOENA TO NAVLAN PR LLC**

Any references "Defendant", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate, including Allstate Insurance Company as well as its parents, subsidiaries, affiliates, employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf.

Any references to "Plaintiff" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate.

Any references to "Respondent", "you" or "your" means Navlan PR LLC, as well as its employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf, as well as any predecessor entities that may be in possession of discoverable information.

Any references to "Deborah Naulls Insurance" mean Deborah Naulls Insurance, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information.

As used in these discovery requests, the term "Document" or "Documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

## INSTRUCTIONS

1. Each Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4. If, in answering these Requests, you encounter any ambiguity in construction, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Request. You are also invited to contact Plaintiff's Counsel to discuss any definitions or terms you find ambiguous.

5. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6. If you object to any Definition or Instruction or to any of the specific Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated,

and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Request, you are requested to answer that portion of the Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes April 14, 2021 to the present. These requests are continuing in nature. Your search for responsive documents should cover periods prior to April 14, 2021, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to April 14, 2021 to the present.

10. Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## **REQUESTS TO PRODUCE**

1. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes Respondent used to place calls or generate leads on behalf of Defendant, for Defendant, and for Defendant's insurance agents.

2. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes Respondent used to place

calls or generate leads on behalf of Deborah Naulls Insurance, for Deborah Naulls Insurance, and for Deborah Naulls Insurance's insurance agents.

3. Respondent's operating agreement, employment agreements, articles of formation, and articles of dissolution, and amendments thereto.

4. Documents relating to agreements between Respondent and Defendant, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

5. Documents relating to agreements between Respondent and Deborah Naulls Insurance Agency, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

6. Documents relating to agreements between Respondent and any call centers, vendors, affiliates, marketers, lead generators, or others who assisted in the calling campaigns or lead lists that resulted in Respondent providing leads to Defendant, and Defendant's insurance agencies, including Deborah Naulls Insurance.

7. Documents and communications sent to or from Ryan Blackman relating to prerecorded or artificial voice messages, marketing campaigns conducted for Allstate or Allstate agents, marketing campaigns conducted for Debroah Naulls Insurance, or Plaintiff's claims in this lawsuit.

8. Documents and communications sent between Respondent and Defendant relating to Plaintiff's claims in this lawsuit.

9. Documents and communications sent to or from Karon King relating to leads, marketing, and Plaintiff's claims in this lawsuit.

10. Documents and communications sent to or from Deborah Naulls Insurance relating

to leads, marketing, and Plaintiff's claims in this lawsuit.

11. Documents and communications relating to the disposition of the lead generated during the phone call to Plaintiff's cell phone ending in 6140 on July 16, 2024 at 1:13 pm Central Time.[1]

12. Documents relating to agreements between Respondent and any other third parties, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts, arising out of or connected to its activities in gathering leads that are or that might be provided to Defendant, Defendant's agencies, and other insurance producers, including Deborah Naulls Insurance.

13. Documents relating to all due diligence, background checks, audits, inspections, and oversight arising out of or connected to the calling campaigns performed for Defendant, and Defendant's agencies, including Deborah Naulls Insurance.

14. Documents relating to Respondent's methods, systems, and procedures for inputting, transferring, or sharing lead information between Respondent and third parties, including Defendant and Deborah Naulls Insurance.

15. Documents relating to Respondent's methods, systems, and procedures for marketing and lead generation, including identification of prerecorded sounds, audio files, soundboard technology, data vendors, and call centers.

16. Documents relating to training manuals, scripts, soundboard settings, audio files, quality assurance, compliance, and verification of any and all calls placed for the purposes of lead generation in connection with calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money

[1] If you are unable to identify Plaintiff's number using her name, the time of the phone call, and the last four digits of her phone number, please let us know and we will send you the full number in confidence.

on your car insurance."

17. Documents relating to and including call disposition notes, call detail logs, transfer logs, lead data transfers, calling metadata, and audio recordings of any and all calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

18. Documents relating to summaries or reports of lead generation results, conversion rates, invoices, lead criteria settings or modifications, remuneration, and feedback from Defendant, Defendant's captive agencies or any association thereof, and Deborah Naulls Insurance.

19. Documents sufficient to show the identity of all agencies associated or affiliated with Defendant for whom you conduct lead generation and marketing.

20. Documents relating to calls initiated by the phone number (817) 508-6963 or calls initiated by another number in which the phone number that is shown on the called party's caller ID is (817) 508-6963.

21. Documents relating to Respondent's policies and procedures for complying with applicable advertising and telemarketing laws, regulations, and rules, including obtaining prior express written consent, maintenance of do not call lists, and National Do Not Call Registry.

22. Documents relating to any claim of Respondent that consumers consent to the calls placed by Respondent or on its behalf.

23. Documents relating to the source of information relating to Plaintiff or Plaintiff's phone number ending in 6140.

24. Documents relating to all information concerning Plaintiff or Plaintiff's phone number ending in 6140.

25. Documents sufficient to identify any vendor or company that Respondent pays to

provide cloud services, VoIP services, or host domains or Internet assets.

26. Documents relating to communications from Defendant regarding preservation of records in connection with this lawsuit or any other lawsuit.

27. Documents relating to informal complaints, demands, lawsuits, settlements, enforcement actions, traceback requests, and investigations related to telephone marketing practices of Respondent, Respondent's clients, Defendant, Deborah Naulls Insurance, or their respective vendors, marketers, and call centers. This request includes any do not call requests and complaints by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

# Exhibit 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Kimberly Starling<br>*Plaintiff*<br>v.<br>Allstate Insurance Company<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-4000 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ryan Daniel Blackman

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via internet videoconference, or mutually agreeable location. Contact Plaintiff's attorney below. | 09/09/2025 10:00 am |

The deposition will be recorded by this method: ______________________

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2025

*CLERK OF COURT*

OR

______________________ /s/ Jeffrey Blake

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kim Starling, who issues or requests this subpoena, are:

Jeff Blake, jeff@attorneyzim.com, (312) 440-0020, 77 W Washington St. Ste. 1220, Chicago, IL 60602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________
__________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**KIMBERLY STARLING**, *on behalf of herself and others similarly situated,*

*Plaintiff,*

v.

**ALLSTATE INSURANCE COMPANY,**

*Defendant.*

Case No.: 1:25-cv-4000

**District Judge Matthew F. Kennelly
Magistrate Judge Jeffrey N. Cole**

**SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN**

Any references "Defendant", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate, including Allstate Insurance Company as well as its parents, subsidiaries, affiliates, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf.

Any references to "Plaintiff" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate.

Any references to "Respondent", "you" or "your" means Ryan Daniel Blackman, as well as any employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf, as well as any predecessor entities that may be in possession of discoverable information.

Any references to "Deborah Naulls Insurance" mean Deborah Naulls Insurance, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities or successor entities that may be in possession of discoverable information.

"InboundCD" means Navlan PR LLC, and Navlan LLC, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information. InboundCD also includes any person purporting to act in the name of InboundCD, or who uses an email address from domain inboundcd.com, or who receives compensation for services in the name of "InboundCD."

As used in these discovery requests, the term "Document" or "Documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures,

advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

**INSTRUCTIONS**

1. Each Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4. If, in answering these Requests, you encounter any ambiguity in construction, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Request. You are also invited to contact Plaintiff's Counsel to discuss any definitions or terms you find ambiguous.

5. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish

information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6. If you object to any Definition or Instruction or to any of the specific Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Request, you are requested to answer that portion of the Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes April 14, 2021 to the present. These requests are continuing in nature. Your search for responsive documents should cover periods prior to April 14, 2021, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to April 14, 2021 to the present.

10. Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## REQUESTS TO PRODUCE

1. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Defendant, for Defendant, and for Defendant's insurance agents.

2. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Allstate insurance producers, including Deborah Naulls Insurance, Veronica Tejada Insurance, Karon King, and any entity for which Karon King works.

3. InboundCD's operating agreement, employment agreements, articles of formation, and articles of dissolution, and amendments thereto.

4. Documents relating to agreements between InboundCD and Defendant, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

5. Documents relating to agreements between InboundCD and Deborah Naulls Insurance Agency, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

6. Documents relating to agreements between InboundCD and any call centers, vendors, affiliates, marketers, lead generators, or others who assisted in the calling campaigns or lead lists that resulted in the call to Plaintiff, or the calls placed to generate leads to sell Defendant's insurance products.

7. Documents and communications sent to or from Defendant relating to prerecorded or artificial voice messages, marketing campaigns conducted for Allstate or Allstate agents,

marketing campaigns conducted for Debroah Naulls Insurance, or Plaintiff's claims in this lawsuit.

8. Documents and communications sent between You and Defendant relating to Plaintiff's claims in this lawsuit and the Allstate Select Vendor Program Supplier Agreement.

9. Documents and communications sent between You and any employee or agent acting on behalf of InboundCD relating to the campaign and services provided for Allstate, including the Allstate Select Vendor Program Supplier Agreement and activities and services conducted pursuant thereto.

10. Documents and communications sent to or from Karon King relating to leads, marketing, and Plaintiff's claims in this lawsuit.

11. Documents and communications sent to or from Deborah Naulls Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

12. Documents and communications sent to or from Veronica Tejada Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

13. Documents and communications relating to the disposition of the lead generated during the phone call to Plaintiff's cell phone ending in 6140 on July 16, 2024 at 1:13 pm Central Time.[1]

14. Documents relating to agreements between You or InboundCD and any other third parties, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts, arising out of or connected to its activities in gathering leads that are or that might be provided to Defendant, Defendant's agencies, and other insurance producers, including Deborah Naulls Insurance.

15. Documents relating to all due diligence, background checks, audits, inspections,

[1] If you are unable to identify Plaintiff's number using her name, the time of the phone call, and the last four digits of her phone number, please let us know and we will send you the full number in confidence.

and oversight arising out of or connected to the calling campaigns performed for Defendant, and Defendant's agencies, including Deborah Naulls Insurance.

16. Documents relating to all methods, systems, and procedures for inputting, transferring, or sharing lead information and invoices with third parties, including Defendant and Deborah Naulls Insurance.

17. Documents relating to all methods, systems, and procedures for marketing and lead generation, including identification of prerecorded sounds, audio files, soundboard technology, data vendors, and call centers.

18. Documents relating to training manuals, scripts, soundboard settings, audio files, quality assurance, compliance, and verification of any and all calls placed for the purposes of lead generation in connection with calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

19. Documents relating to and including call disposition notes, call detail logs, transfer logs, lead data transfers, calling metadata, and audio recordings of any and all calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

20. Documents relating to summaries or reports of lead generation results, conversion rates, invoices, lead criteria settings or modifications, remuneration, and feedback from Defendant, Defendant's captive agencies or any association thereof, and Deborah Naulls Insurance.

21. Documents sufficient to show the identity of all agencies associated or affiliated with Defendant for whom you conduct lead generation and marketing.

22. Documents relating to calls initiated by the phone number (817) 508-6963 or calls

initiated by another number in which the phone number that is shown on the called party's caller ID is (817) 508-6963.

23. Documents relating to Respondent's policies and procedures for complying with applicable advertising and telemarketing laws, regulations, and rules, including obtaining prior express written consent, maintenance of do not call lists, and National Do Not Call Registry.

24. Documents relating to any claim that consumers consent to the calls placed by InboundCD or on its behalf.

25. Documents relating to the source of information relating to Plaintiff or Plaintiff's phone number ending in 6140, including the identity of the information provider and the data file in which the information was contained.

26. Documents relating to all information concerning Plaintiff or Plaintiff's phone number ending in 6140.

27. Documents sufficient to identify any vendor or company that is paid to provide cloud services, VoIP services, or host domains or Internet assets for InboundCD.

28. Documents relating to communications from Defendant regarding preservation of records in connection with this lawsuit or any other lawsuit.

29. Documents relating to informal complaints, demands, lawsuits, settlements, enforcement actions, traceback requests, and investigations related to telephone marketing practices. This request includes any do not call requests and complaints by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

# Exhibit 3

[redacted]

Kim Starling

[redacted]

On Jul 18, 2024, at 1:53 PM, Ryan Daniel <ryan@inboundcd.com> wrote:

Kim,

It is true that the number [redacted]6140 is on the federal DNC registry.

However, we have no record of dialing this number in the last 12 months, including today.

Oftentimes numbers may be intentionally or erroneously forwarded to a phone number on the DNC. We most likely, legally and compliantly, dialed a number which had this forwarding condition.

We will be handling this matter from this point forward. However, since we never dialed this number we have no civil or criminal liability here.

We are an organization that prides itself on compliance, as required to provide our services to the brands we do. Every number we dial is audited monthly by reputable 3rd parties. We have never had a violation in a decade of doing what we do Feel free to travel this road for as far as you like, but you will soon find yourself in a dead end with your time and money wasted.

If you believe this to be in error, you may send a formal demand letter or file a formal complaint which can be served to the follow address so we can then forward it to our TCPA attorneys to start the discovery process:

InboundCD
425 Carr 693 STE 1 348
Dorado, Puerto Rico, 00646

Regards,
Ryan Daniel Principal

**Error! Filename not specified.**

[redacted]

# Exhibit 4

CORPORATION INFORMATION

# Corporation Information

**NAVLAN PR LLC**

**Details** | **Articles** | **Annual Filings** | **Certificates**

## General Information

| | |
|---|---|
| Name | NAVLAN PR LLC |
| Register No. | 456135 |
| Status | ACTIVE |
| Class | Limited Liability Company |
| Type | For Profit |
| Jurisdiction | Domestic |
| Formation Date | 21-Dec-2020 04:16 PM |
| Effective Date | 21-Dec-2020 04:16 PM |
| Expiration Date | Does not expire |

## Main Office

| | |
|---|---|
| Street Address | 101 AVE DE DIEGO URB SAN FRANCISCO, SAN JUAN, PR, 00927 |
| Mailing Address | 1100 Broadway, SANTA MONICA, CA, 90401 |

## Resident Agent

| | |
|---|---|
| Name | NAVLAN PR LLC (Entity) |
| Street Address | 101 AVE DE DIEGO URB SAN FRANCISCO, SAN JUAN, PR, 00927 |
| Mailing Address | 101 AVE DE DIEGO URB SAN FRANCISCO, SAN JUAN, PR, 00927 |

## Administrators

| Name | Title | Address |
|---|---|---|
| BLACKMAN , RYAN | President, Treasurer | 1100 Broadway, SANTA MONICA, CA, 90401<br>1100 Broadway, SANTA MONICA, CA, 90401 |

## Authorized Persons

| Name | Street Address | Mailing Address |
|---|---|---|
| BLACKMAN , RYAN | 1100 Broadway, SANTA MONICA, CA, 90401 | 1100 BRIADWAY, SANTA MONICA, CA, 90401 |

## Purpose

THE PURPOSE OF THE COMPANY IF TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY RECOGNIZED TO LIMITED LIABILITY COMPANIES UNDER CHAPTER XIX OF THE PUERTO RICO GENERAL CORPORATION LAW OF 2009, AS AMENDED FROM TIME TO TIME.

← Return to Search Results

Actions

Pay 2024 Annual Due

Pay Prior Year(s) Annual Due

.er Certificate of Good Standing

Case: 1:25-cv-04060 Document #: 27-4 Filed: 10/01/25 Page 4 of 4 PageID #:147

>

Order Certificate of Existence

>

Amend Entity

>

Cancel Entity

>

Convert

>

Merge

>

Consolidate

>

Manage Access

>

Payment Plan

>

Bingo License Application

>

# Exhibit 5

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

KIMBERLY STARLING

Plaintiff(s)

VS.

ALLSTATE INSURANCE COMPANY

Defendant(s)

Court No.: 1:25-CV-4000

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, Jean Mercado, being first duly sworn on oath depose and state as follows:
I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465.

Type of Process: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and SCHEDULE A TO SUBPOENA TO NAVLAN PR LLC

Defendant to be served: NAVLAN PR LLC

I SERVED/NON-SERVED the within named defendant on: 7/14/25 @ 10:11 AM/PM

ADDRESS WHERE ATTEMPTED OR SERVED: 101 AVE DE DIEGO
Urb San Francisco, PR, 00927

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
Age ____ Gender M F Race ____ Height ____ Weight ____ Hair ____ Glasses Y N

____ **INDIVIDUAL SERVICE** by delivering to the within named defendant a copy of this process personally. The defendant confirmed that she/he resides at the above address.

____ **SUBSTITUTE SERVICE** by leaving a copy of this process at his/her usual place of abode with: ____________, (Relationship) ____________, a family member or person residing therein who is the age of 13 years or upwards confirmed the defendant resides at the above address and informed that person of the contents thereof and that further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on ____________.

____ **CORPORATE OR GOVERNMENT SERVICE** by leaving a copy of this process with ____________ (Title) ____________, a person authorized to accept service and informed that person of the contents thereof.

____ **POSTED**

✓ **NON-SERVICE** for the reason that after diligent investigation found
The location was occupied by an accounting and consulting firm named PSV. The receptionist confirmed that the recipient was not a client of the firm. The receptionist added that Navlan PR LLC may have been a previous occupant, although no one could confirm this.

**MILITARY** ____________

Additional Comments

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the above statements set forth in this instrument are true and correct.

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

Territory of ~~State of~~ Puerto Rico Aff #22928
Municipality of ~~County of~~ Carolina
Subscribed and sworn before me on 18 July 2025
in Carolina, Puerto Rico
Personally known to me.
Notary Public Belinda Rodriguez Nieves
[signature]
Puerto Rico Notary Public
#10,109
Com. Permanent
No Expiration

Signature of Process Server

Jean Mercado
Printed Name of Process Server

File Number: 1ZL070125
Reference Number: 4386227
Case Number: 1:25-CV-4000
Client: ZIMMERMAN LAW OFFICES, P.C.
Doc Generated: 07/10/2025 12:06:12:856 PM

957061_4386227_0_26_V4

Page 1 of 1

# Exhibit 6

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>FIRE FLY<br>FIREFLY LEGAL - MOKENA<br>9550 BROMET DRIVE MOKENA, IL 60448<br>TELEPHONE NO.: (708) 326-1410 FAX NO.: (708) 478-5405<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Client File #4397618 | *FOR COURT USE ONLY* |
|---|---|
| N/A<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: , IL<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: **KIMERELY STARLING**<br>DEFENDANT/RESPONDENT: **ALLSTATE INSURANCE COMPANY** | |
| **DECLARATION OF DILIGENCE** | CASE NUMBER:<br>**1:25-cv-4000** |

I received the within assignment for filing and/or service on August 11, 2025 and that after due and diligent effort I have not been able to serve said person.I attempted service on this servee on the following dates and times:

Servee: **RYAN DANIEL BLACKMAN**

Documents: **SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION and SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN**

Address: **23311 W. PALOMA BLANCA DRIVE**
**MALIBU, CA 90265**

As enumerated below:

**8/11/2025 -- 1:40 PM**
VACANT LOT HOME LOST IN MALIBU FIRE EARLIER THIS YEAR

★ County: **LOS ANGELES**
Registration No.: **2020057773**
**Premier Attorney Service**
1301 W Second Street, Suite 204
Los Angeles, CA 90026
P (213) 481-7334 F (213) 481-7343

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on 8/11/2025.

Signature: ______________________________
RENDELL HEADCOCK

# Exhibit 7

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Kimberly Starling
Plaintiff(s)

VS.

Court No.: 1ZL080625

Allstate Insurance Company

Defendant(s)

**AFFIDAVIT OF SPECIAL PROCESS SERVER**

I, PRADIP KISSOONDYAL, being first duly swom on oath depose and state as follows: I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465 .

Type of Process: SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION and SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN

Defendant to be served: Ryan Daniel Blackman

ADDRESS WHERE ATTEMPTED OR SERVED: 1100 Broadway, Santa Monica, CA, 90401

I **NON-SERVED** the within named defendant on: 8/19/2025 1:15 PM

X **NON-SERVICE** after due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of following reason(s): LOCATION IS CITIZEN CO. PER MANAGER, ALEZ ., MICHAEL BLACKMAN IS THE LANDLORD OF THE BUILDING. SUBJECT- (RYAN D. BLACKMAN)-IS UNKNOWN TO HIM. AND NOT EMPLOYED THERE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

State of CALIFORNIA
County of LOS ANGELES

Subscribed and sworn before me on 9 / 4 / 2025

[signature]
Notary Public

C. WATSON
COMM. #2503753
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. expires November 2, 2028

[signature]
Signature of Process Server

PRADIP KISSOONDYAL
Printed Name

PROCESS SERVER
Title

959866_4398897_0_23__V4

File Number: 1ZL080625
Reference Number: 4398897
Case Number: 1ZL080625
Client: ZIMMERMAN LAW OFFICES, P.C.
Doc Generated: 08/22/2025 10:50:51:760 AM

# Exhibit 8

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Kimberly Starling | Plaintiff(s) | |
| | VS. | |
| | | Court No.: 1ZL080625 |
| Allstate Insurance Company | | |
| | Defendant(s) | |

**AFFIDAVIT OF SPECIAL PROCESS SERVER**

I, P. KISSOONDYAL, being first duly sworn on oath depose and state as follows: I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465.

Type of Process: SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION and SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN

Defendant to be served: Ryan Daniel Blackman

ADDRESS WHERE ATTEMPTED OR SERVED: 2624 MILITARY AVE, Los Angeles, CA, 90064

I **NON-SERVED** the within named defendant on: 9/5/2025 1:45 PM

X **NON-SERVICE** after due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of following reason(s): PER OWNER [redacted], WHO PURCHASE THE HOME 1 MONTH AGO, DOSENT KNOW ANY RYAN D. BLACKMAN.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

State of CALIFORNIA
County of LOS ANGELES

Subscribed and sworn before me on 9/4/2025

Notary Public

C. WATSON
COMM. #2503763
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. expires November 2, 2028

Signature of Process Server

P. KISSOONDYAL
Printed Name

PROCESS SERVER
Title

959866_4401764_0_23__V4

Page 1 of 1

File Number: 1ZL080625
Reference Number: 4401764
Case Number: 1ZL080625
Client: ZIMMERMAN LAW OFFICES, P.C.
Doc Generated: 09/08/2025 01:51:17:196 PM

# Exhibit 9

**From:** Gina Patterson
**To:** silvie@attorneyzim.com; jeff@attorneyzim.com
**Subject:** File 1ZL080625; Case 1:25-cv-4000 - Ryan Daniel Blackman
**Date:** Wednesday, October 1, 2025 12:47:36 PM

Good afternoon! Below is a summary of the attempt that was made this morning.

The server spoke with the guard who tried contacting the recipient by phone. There was no answer. The guard also contacted the person who is in charge of the house, but that person would not accept service and said to leave it with the guard. The server did not leave the documents with the guard and was denied access.

Please advise if you would like the server to make another attempt

In your service,

**Gina Patterson**
**accountant, finance**
office 877 963 3534 ext. 5118

**Firefly Legal, Inc. | Est. 1996 | CELEBRATING 29 YEARS OF SERVICE!**

nationwide process serving | court filing | e-Filing | skip trace | document retrievals | property inspections

**Firefly's light shines on REFERRALS. We can passionately enlighten the caseloads for anybody important to you.**

CONFIDENTIALITY NOTICE: This message and any attachments are intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or proprietary. If you are not the intended recipient, you are hereby notified that you have received this email in error and that any review, disclosure, dissemination, distribution or copying of it or its content is prohibited. The sender does not waive confidentiality or any privilege due to a transmission error. If you have received this email in error, please immediately advise us by reply email, delete the email and destroy any copies and attachments.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Kimberly Starling

Plaintiff,

v.

Case No.: 1:25−cv−04000
Honorable Matthew F. Kennelly

Allstate Insurance Company

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 3, 2025:

MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for alternative service [27] is granted. The Court has reviewed the parties' joint status report. The telephonic status hearing set for 10/9/2025 is vacated and reset to 12/11/2025 at 9:00 AM, using call−in number 650−479−3207, access code 2305−915−8729. A joint status report regarding the progress of discovery and any settlement discussions is to be filed on 12/4/2025. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Exhibit C

Gmail **Jeff Blake <jeff@attorneyzim.com>**

# Service of Process on Ryan Blackman and Navlan PR LLC in Starling v. Allstate. Case No. 25-cv-4000 (N.D Ill.)

1 message

**jeff@attorneyzim.com** <jeff@attorneyzim.com> Fri, Oct 3, 2025 at 2:56 PM

To: admin@inboundcd.com, ryan@inboundcd.com
Cc: Max Morgan <max.morgan@theweitzfirm.com>, Thomas Zimmerman Jr <tom@attorneyzim.com>, silvie@attorneyzim.com, jani.mikel@akerman.com, ryan.roman@akerman.com

Dear Mr. Blackman or recipient,

This email is directed to you in accordance with the attached Order of Court in the above-referenced matter and constitutes service of process of the attached subpoenas to Ryan Blackman and Navlan PR LLC, respectively.

Copies of the subpoenas and order are being sent via First Class U.S. Mail to:

InboundCD

425 Carr 693 Suite 1-348

Dorado, Puerto Rico 00646

Navlan PR LLC dba InboundCD

34 N. Franklin Avenue, Ste. 687-1845

Pinedale, WY 82941

Please confirm receipt and reach out to me to confirm the deposition date and document production date.

Thank you,

**Jeffrey Blake**

*jeff@attorneyzim.com*

ZIMMERMAN LAW OFFICES

ZIMMERMAN LAW OFFICES, P.C.

77 W. Washington Street, Suite 1220

Chicago, Illinois 60602

(312) 440-0020 tel | (312) 440-4180 fax

www.attorneyzim.com

3 attachments

2025 10 03 Order Granting Mot for Alt Serv; Resetting Status to 12-11-25; Status Rep by 12-4-25.pdf
18K

**Subpoena to Ryan Blackman 10-3-25 final.pdf**
972K

**Navlan PR LLC subpoena 10-3-2025 final.pdf**
707K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Navlan PR LLC

on *(date)* 10/3/25 .

☒ I served the subpoena by delivering a copy to the named person as follows: by 1st Class mail to Inbound CD, 425 Carr 693; Suite 1-348; Dorado, Puerto Rico 00646; Navlan PR LLC dba Inbound CD; 34 N. Franklin Avenue, Suite 687-1845; Pinedale, WY 82941 on *(date)* 10/3/25 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______ .

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/6/25

[signature]
*Server's signature*

Silvie Karova
*Printed name and title*

77 W. Washington St. #1220
Chicago, IL 60602
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Ryan Daniel Blackman
on *(date)* 10/3/25 .

☒ I served the subpoena by delivering a copy to the named individual as follows: by 1st Class mail to: InboundCD; 425 Carr 693, Suite 1-348; Dorado, Puerto Rico 00646; Navlan PR LLC dba inbound CD; 34 N. Franklin Avenue, Suite 687-1845; Pinedale, WY 82941 on *(date)* 10/3/25 ; or

☐ I returned the subpoena unexecuted because: ______________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 11/6/25

[signature]
*Server's signature*

Silvie Kurzva
*Printed name and title*

77 W. Washington St. #1220
Chicago, IL 60602
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit D

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

KIMBERLY STARLING
*Plaintiff*
v.
ALLSTATE INSURANCE COMPANY
*Defendant*

Civil Action No. 1:25-cv-4000

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NAVLAN PR LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A.

| Place: via email to jeff@attorneyzim.com and max.morgan@theweitzfirm.com. If you require a physical address, please contact the undersigned | Date and Time: 10/31/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/03/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Jeffrey Blake
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Kimberly Starling, who issues or requests this subpoena, are:

Jeff Blake, 77 W. Washington St. Ste. 1220, Chicago, IL 60602, jeff@attorneyzim.com, 312-440-0020

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________

______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**KIMBERLY STARLING**, *on behalf of herself and others similarly situated,*

*Plaintiff,*

v.

**ALLSTATE INSURANCE COMPANY,**

*Defendant.*

Case No.: 1:25-cv-4000

**District Judge Matthew F. Kennelly**
**Magistrate Judge Jeffrey N. Cole**

## SCHEDULE A TO SUBPOENA TO NAVLAN PR LLC

Any references "Defendant", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate, including Allstate Insurance Company as well as its parents, subsidiaries, affiliates, employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf.

Any references to "Plaintiff" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate.

Any references to "Respondent", "you" or "your" means Navlan PR LLC, as well as its employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf, as well as any predecessor entities that may be in possession of discoverable information.

Any references to "Deborah Naulls Insurance" mean Deborah Naulls Insurance, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information.

As used in these discovery requests, the term "Document" or "Documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

## INSTRUCTIONS

1. Each Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4. If, in answering these Requests, you encounter any ambiguity in construction, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Request. You are also invited to contact Plaintiff's Counsel to discuss any definitions or terms you find ambiguous.

5. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6. If you object to any Definition or Instruction or to any of the specific Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated,

and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Request, you are requested to answer that portion of the Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes April 14, 2021 to the present. These requests are continuing in nature. Your search for responsive documents should cover periods prior to April 14, 2021, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to April 14, 2021 to the present.

10. Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## REQUESTS TO PRODUCE

1. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes Respondent used to place calls or generate leads on behalf of Defendant, for Defendant, and for Defendant's insurance agents.

2. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes Respondent used to place

calls or generate leads on behalf of Deborah Naulls Insurance, for Deborah Naulls Insurance, and for Deborah Naulls Insurance's insurance agents.

3. Respondent's operating agreement, employment agreements, articles of formation, and articles of dissolution, and amendments thereto.

4. Documents relating to agreements between Respondent and Defendant, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

5. Documents relating to agreements between Respondent and Deborah Naulls Insurance Agency, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

6. Documents relating to agreements between Respondent and any call centers, vendors, affiliates, marketers, lead generators, or others who assisted in the calling campaigns or lead lists that resulted in Respondent providing leads to Defendant, and Defendant's insurance agencies, including Deborah Naulls Insurance.

7. Documents and communications sent to or from Ryan Blackman relating to prerecorded or artificial voice messages, marketing campaigns conducted for Allstate or Allstate agents, marketing campaigns conducted for Debroah Naulls Insurance, or Plaintiff's claims in this lawsuit.

8. Documents and communications sent between Respondent and Defendant relating to Plaintiff's claims in this lawsuit.

9. Documents and communications sent to or from Karon King relating to leads, marketing, and Plaintiff's claims in this lawsuit.

10. Documents and communications sent to or from Deborah Naulls Insurance relating

to leads, marketing, and Plaintiff's claims in this lawsuit.

11. Documents and communications relating to the disposition of the lead generated during the phone call to Plaintiff's cell phone ending in 6140 on July 16, 2024 at 1:13 pm Central Time.[1]

12. Documents relating to agreements between Respondent and any other third parties, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts, arising out of or connected to its activities in gathering leads that are or that might be provided to Defendant, Defendant's agencies, and other insurance producers, including Deborah Naulls Insurance.

13. Documents relating to all due diligence, background checks, audits, inspections, and oversight arising out of or connected to the calling campaigns performed for Defendant, and Defendant's agencies, including Deborah Naulls Insurance.

14. Documents relating to Respondent's methods, systems, and procedures for inputting, transferring, or sharing lead information between Respondent and third parties, including Defendant and Deborah Naulls Insurance.

15. Documents relating to Respondent's methods, systems, and procedures for marketing and lead generation, including identification of prerecorded sounds, audio files, soundboard technology, data vendors, and call centers.

16. Documents relating to training manuals, scripts, soundboard settings, audio files, quality assurance, compliance, and verification of any and all calls placed for the purposes of lead generation in connection with calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money

[1] If you are unable to identify Plaintiff's number using her name, the time of the phone call, and the last four digits of her phone number, please let us know and we will send you the full number in confidence.

on your car insurance."

17. Documents relating to and including call disposition notes, call detail logs, transfer logs, lead data transfers, calling metadata, and audio recordings of any and all calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

18. Documents relating to summaries or reports of lead generation results, conversion rates, invoices, lead criteria settings or modifications, remuneration, and feedback from Defendant, Defendant's captive agencies or any association thereof, and Deborah Naulls Insurance.

19. Documents sufficient to show the identity of all agencies associated or affiliated with Defendant for whom you conduct lead generation and marketing.

20. Documents relating to calls initiated by the phone number (817) 508-6963 or calls initiated by another number in which the phone number that is shown on the called party's caller ID is (817) 508-6963.

21. Documents relating to Respondent's policies and procedures for complying with applicable advertising and telemarketing laws, regulations, and rules, including obtaining prior express written consent, maintenance of do not call lists, and National Do Not Call Registry.

22. Documents relating to any claim of Respondent that consumers consent to the calls placed by Respondent or on its behalf.

23. Documents relating to the source of information relating to Plaintiff or Plaintiff's phone number ending in 6140.

24. Documents relating to all information concerning Plaintiff or Plaintiff's phone number ending in 6140.

25. Documents sufficient to identify any vendor or company that Respondent pays to

provide cloud services, VoIP services, or host domains or Internet assets.

26. Documents relating to communications from Defendant regarding preservation of records in connection with this lawsuit or any other lawsuit.

27. Documents relating to informal complaints, demands, lawsuits, settlements, enforcement actions, traceback requests, and investigations related to telephone marketing practices of Respondent, Respondent's clients, Defendant, Deborah Naulls Insurance, or their respective vendors, marketers, and call centers. This request includes any do not call requests and complaints by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Kimberly Starling<br>*Plaintiff*<br>v.<br>Allstate Insurance Company<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 1:25-cv-4000 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ryan Daniel Blackman

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via internet videoconference, or mutually agreeable location. Contact Plaintiff's attorney below. | 11/07/2025 10:00 am |

The deposition will be recorded by this method: ______________________

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/03/2025

*CLERK OF COURT*

OR

/s/ Jeffrey Blake

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kim Starling , who issues or requests this subpoena, are:

Jeff Blake, jeff@attorneyzim.com, (312) 440-0020, 77 W Washington St. Ste. 1220, Chicago, IL 60602

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**KIMBERLY STARLING**, *on behalf of herself and others similarly situated,*

*Plaintiff,*

v.

**ALLSTATE INSURANCE COMPANY,**

*Defendant.*

Case No.: 1:25-cv-4000

**District Judge Matthew F. Kennelly**
**Magistrate Judge Jeffrey N. Cole**

**SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN**

Any references "Defendant", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate, including Allstate Insurance Company as well as its parents, subsidiaries, affiliates, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf.

Any references to "Plaintiff" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate.

Any references to "Respondent", "you" or "your" means Ryan Daniel Blackman, as well as any employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf, as well as any predecessor entities that may be in possession of discoverable information.

Any references to "Deborah Naulls Insurance" mean Deborah Naulls Insurance, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities or successor entities that may be in possession of discoverable information.

"InboundCD" means Navlan PR LLC, and Navlan LLC, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information. InboundCD also includes any person purporting to act in the name of InboundCD, or who uses an email address from domain inboundcd.com, or who receives compensation for services in the name of "InboundCD."

As used in these discovery requests, the term "Document" or "Documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures,

advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

## INSTRUCTIONS

1. Each Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4. If, in answering these Requests, you encounter any ambiguity in construction, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Request. You are also invited to contact Plaintiff's Counsel to discuss any definitions or terms you find ambiguous.

5. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish

information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6. If you object to any Definition or Instruction or to any of the specific Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Request, you are requested to answer that portion of the Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes April 14, 2021 to the present. These requests are continuing in nature. Your search for responsive documents should cover periods prior to April 14, 2021, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to April 14, 2021 to the present.

10. Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## REQUESTS TO PRODUCE

1. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Defendant, for Defendant, and for Defendant's insurance agents.

2. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Allstate insurance producers, including Deborah Naulls Insurance, Veronica Tejada Insurance, Karon King, and any entity for which Karon King works.

3. InboundCD's operating agreement, employment agreements, articles of formation, and articles of dissolution, and amendments thereto.

4. Documents relating to agreements between InboundCD and Defendant, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

5. Documents relating to agreements between InboundCD and Deborah Naulls Insurance Agency, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

6. Documents relating to agreements between InboundCD and any call centers, vendors, affiliates, marketers, lead generators, or others who assisted in the calling campaigns or lead lists that resulted in the call to Plaintiff, or the calls placed to generate leads to sell Defendant's insurance products.

7. Documents and communications sent to or from Defendant relating to prerecorded or artificial voice messages, marketing campaigns conducted for Allstate or Allstate agents,

marketing campaigns conducted for Debroah Naulls Insurance, or Plaintiff's claims in this lawsuit.

8. Documents and communications sent between You and Defendant relating to Plaintiff's claims in this lawsuit and the Allstate Select Vendor Program Supplier Agreement.

9. Documents and communications sent between You and any employee or agent acting on behalf of InboundCD relating to the campaign and services provided for Allstate, including the Allstate Select Vendor Program Supplier Agreement and activities and services conducted pursuant thereto.

10. Documents and communications sent to or from Karon King relating to leads, marketing, and Plaintiff's claims in this lawsuit.

11. Documents and communications sent to or from Deborah Naulls Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

12. Documents and communications sent to or from Veronica Tejada Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

13. Documents and communications relating to the disposition of the lead generated during the phone call to Plaintiff's cell phone ending in 6140 on July 16, 2024 at 1:13 pm Central Time.[1]

14. Documents relating to agreements between You or InboundCD and any other third parties, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts, arising out of or connected to its activities in gathering leads that are or that might be provided to Defendant, Defendant's agencies, and other insurance producers, including Deborah Naulls Insurance.

15. Documents relating to all due diligence, background checks, audits, inspections,

[1] If you are unable to identify Plaintiff's number using her name, the time of the phone call, and the last four digits of her phone number, please let us know and we will send you the full number in confidence.

and oversight arising out of or connected to the calling campaigns performed for Defendant, and Defendant's agencies, including Deborah Naulls Insurance.

16. Documents relating to all methods, systems, and procedures for inputting, transferring, or sharing lead information and invoices with third parties, including Defendant and Deborah Naulls Insurance.

17. Documents relating to all methods, systems, and procedures for marketing and lead generation, including identification of prerecorded sounds, audio files, soundboard technology, data vendors, and call centers.

18. Documents relating to training manuals, scripts, soundboard settings, audio files, quality assurance, compliance, and verification of any and all calls placed for the purposes of lead generation in connection with calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

19. Documents relating to and including call disposition notes, call detail logs, transfer logs, lead data transfers, calling metadata, and audio recordings of any and all calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

20. Documents relating to summaries or reports of lead generation results, conversion rates, invoices, lead criteria settings or modifications, remuneration, and feedback from Defendant, Defendant's captive agencies or any association thereof, and Deborah Naulls Insurance.

21. Documents sufficient to show the identity of all agencies associated or affiliated with Defendant for whom you conduct lead generation and marketing.

22. Documents relating to calls initiated by the phone number (817) 508-6963 or calls

initiated by another number in which the phone number that is shown on the called party's caller ID is (817) 508-6963.

23. Documents relating to Respondent's policies and procedures for complying with applicable advertising and telemarketing laws, regulations, and rules, including obtaining prior express written consent, maintenance of do not call lists, and National Do Not Call Registry.

24. Documents relating to any claim that consumers consent to the calls placed by InboundCD or on its behalf.

25. Documents relating to the source of information relating to Plaintiff or Plaintiff's phone number ending in 6140, including the identity of the information provider and the data file in which the information was contained.

26. Documents relating to all information concerning Plaintiff or Plaintiff's phone number ending in 6140.

27. Documents sufficient to identify any vendor or company that is paid to provide cloud services, VoIP services, or host domains or Internet assets for InboundCD.

28. Documents relating to communications from Defendant regarding preservation of records in connection with this lawsuit or any other lawsuit.

29. Documents relating to informal complaints, demands, lawsuits, settlements, enforcement actions, traceback requests, and investigations related to telephone marketing practices. This request includes any do not call requests and complaints by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

# Exhibit E

DELGADO|FERNÁNDEZ|LLC
ATTORNEYS AT LAW

November 26, 2025

**VIA ELECTRONIC MAIL**
(jeff@attorneyzim.com)

Mr. Jeffrey Daniel Blake
Zimmerman Law Offices, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602

Re: *Kimberly Starling v. Allstate Insurance Company*, Civil No. 1:25-cv-04000

Dear Mr. Blake:

We write to inform you that our firm has been engaged to represent Mr. Ryan D. Blackman and Navlan PR, LLC. It has come to our attention that you recently attempted to serve on them, by email two separate subpoenas for deposition and production of documents in the above-referenced matter. We request that all future communications you may wish to send them, be directed exclusively to the undersigned.

Please note that we object to the service of the subpoenas as effected by email, as it does not comply with the applicable rules governing service on non-parties. Notwithstanding this objection, in the interest of good faith and cooperation, our client is prepared to voluntarily produce documents that are not only responsive to the allegations set forth in the Complaint but will also confirm that neither one of them had any involvement whatsoever in the conduct alleged under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. We are willing to be reasonable, but the excessive scope and onerous nature of the subpoena need to be addressed. The subpoenas seek private information and records that are outside the scope of discovery and not related in any way directly or indirectly to this case. Your requests are also overbroad, not reasonably particularized, and call for records that are outside the scope of discovery.

We will produce documents within a reasonable timeframe and will communicate with you shortly regarding the logistics and scope of production. Please understand that this voluntary production is made without waiver of any rights or objections, including those related to improper service and the scope of the subpoenas.

Should you have any questions or wish to discuss this matter further, please feel free to contact me.

Sincerely,

Alfredo Fernández-Martínez

Cc: Ryan Alan Roman (ryan.roman@akerman.com)
Jani K. Mikel (jani.mikel@akerman.com)


T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

T-Mobile Center at San Patricio, B7 Tabonuco St., Suite 1000 Guaynabo, Puerto Rico 00968-3028
Tel. 787-274-1414 | Fax 787-764-8241
www.delgadofernandez.com

# Exhibit F

FME

Zac Donald <zac@inboundcd.com>

## Data population

3 messages

**Zac Donald** <zac@inboundcd.com> Tue, Jul 16, 2024 at 12:22 PM
To: Deborah Naulls <deborahnaulls@allstate.com>

Hi Deborah,

Currently working on getting the data to populate in the platform. It is having some issues populating currently with the custom campaign. We are working on that now.

--
InboundCD
**Zac Donald**
**Inbound Compliant Dialing**
**Phone:** (888) 214-7881 x1
**Email:** zac@inboundcd.com
**Whatsapp sms:** (323) 596-6066
**Schedule a Call:** https://calendar.app.google/k8EMu3MYK2jzNi339

**Naulls, Deborah** <DeborahNaulls@allstate.com> Tue, Jul 16, 2024 at 2:53 PM
To: Zac Donald <zac@inboundcd.com>

Zac, the names now appearing on the dashboard are not the names of the callers we have received. We are not
able to open the information on the person, nor have we spoken with anyone for InboundCD to pass the call. When
we answer the customer is the only one on the line.

**From:** Zac Donald <zac@inboundcd.com>
**Sent:** Tuesday, July 16, 2024 1:22 PM
**To:** Naulls, Deborah <DeborahNaulls@allstate.com>
**Subject:** [External] Data population

[Quoted text hidden]

**Zac Donald** <zac@inboundcd.com> Tue, Jul 16, 2024 at 3:04 PM

To: "Naulls, Deborah" <DeborahNaulls@allstate.com>

Hi Deborah,

Thank you for the feedback. The ones that are populating are prior to the new campaign we set up we are sorting though that now. As for opening the information on the caller there isn't anything to open up, all the information should be in the third column over what we have for them.

I am looking into the warm hand off now.

[Quoted text hidden]

# Exhibit G

Gmail **Jeff Blake <jeff@attorneyzim.com>**

# RE: Starling v. Allstate

1 message

**jani.mikel@akerman.com** <jani.mikel@akerman.com> Mon, Nov 3, 2025 at 2:17 PM
To: jeff@attorneyzim.com
Cc: max.morgan@theweitzfirm.com, tom@attorneyzim.com, ryan.roman@akerman.com

Jeff:

Good afternoon. I am sending this email in follow up to the below. During the August 29, 2025 video conference I had with InboundCD, Mr. Donald was present. During that meeting I informed Mr. Blackman that Plaintiff's counsel was attempting to subpoena InboundCD and confirmed that the address we provided to you was an accurate address for InboundCD. That is the extent of my knowledge as to Mr. Donald's awareness about the subpoenas issued to InboundCD and Mr. Blackman. Regarding Mr. Blackman, the only time I have communicated with him is on August 29, 2025. As I mentioned for the purposes of our Joint Status Report, following that meeting, I emailed Mr. Blackman but he did not respond.

Additionally, I have not communicated with InboundCD's counsel nor am I aware of any counsel InboundCD has retained in connection with this matter.

Best regards,

**Jani K. Mikel**

Associate

Akerman LLP | 71 South Wacker Drive, 47th Floor | Chicago, IL 60606

D: 312 870 8098 | C: 773 949 6218

jani.mikel@akerman.com

**From:** Jeff Blake <jeff@attorneyzim.com>

**Sent:** Friday, October 31, 2025 11:26 AM

**To:** Mikel, Jani (Assoc-Chi) <jani.mikel@akerman.com>

**Cc:** max.morgan@theweitzfirm.com; tom@attorneyzim.com; Roman, Ryan (Ptnr-Ftl) <ryan.roman@akerman.com>

**Subject:** Re: Starling v. Allstate

**[External to Akerman]**

Jani,

Does Mr. Donald know about the subpoenas to InboundCD and Ryan Blackman?

Are you in contact with a lawyer for InboundCD or Mr. Blackman in any capacity?

Jeffrey Blake

*jeff@attorneyzim.com*

ZIMMERMAN LAW OFFICES

ZIMMERMAN LAW OFFICES, P.C.

77 W. Washington Street, Suite 1220

Chicago, Illinois 60602

(312) 440-0020 tel | (312) 440-4180 fax

www.attorneyzim.com

## On Fri, Oct 31, 2025 at 9:55 AM <jani.mikel@akerman.com> wrote:

Max:

Good morning. I am emailing regarding your below email. Zac Donald from InboundCD provided the document directly to Ryan and myself. According to Mr. Donald, the produced document is the company-wide CDR for July 16, 2024, the date in which the alleged call to Plaintiff occurred.

Regarding Allstate's interrogatory responses, Allstate does not state that InboundCD dialed Plaintiff's number. In Interrogatory No. 7 of Allstate's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories, Allstate states that "InboundCD" is the vendor who ***transferred*** Starling to King, and that Allstate's belief of such statement was based on Plaintiff's own communications with InboundCD and King's deposition testimony which maintained that InboundCD transferred Plaintiff to him. To Allstate's knowledge, there has been no admissions or testimony stating that InboundCD dialed Plaintiff's number nor any contradictory testimony.

We are happy to meet and confer on this matter should you wish. Additionally, in regard to your October 20, 2025 email, I am in receipt and expect to respond early next week. Thank you.

Best regards,

**Jani K. Mikel**

Associate

Akerman LLP | 71 South Wacker Drive, 47th Floor | Chicago, IL 60606

D: 312 870 8098 | C: 773 949 6218

jani.mikel@akerman.com

**From:** Max Morgan <max.morgan@theweitzfirm.com>
**Sent:** Monday, October 27, 2025 10:28 AM
**To:** Mikel, Jani (Assoc-Chi) <jani.mikel@akerman.com>; tom@attorneyzim.com; jeff@attorneyzim.com
**Cc:** Roman, Ryan (Ptnr-Ftl) <ryan.roman@akerman.com>
**Subject:** RE: Starling v. Allstate

**[External to Akerman]**

Dear Jani:

How did you obtain this document? It appears to be a list of phone numbers. It has no date, time, etc. or any other information associated with the phone numbers.

Also, you claim that InboundCD did not call Ms. Starling. In prior interrogatory responses, Defendant stated InboundCD called Ms. Starling. Is Defendant going to amend its responses? Also, are you suggesting that Mr. King perjured himself in his testimony regarding InboundCD's involvement?

Please advise.

Regards,

Max

**From:** jani.mikel@akerman.com <jani.mikel@akerman.com>
**Sent:** Friday, October 24, 2025 8:03 PM
**To:** Max Morgan <max.morgan@theweitzfirm.com>; tom@attorneyzim.com; jeff@attorneyzim.com
**Cc:** ryan.roman@akerman.com
**Subject:** RE: Starling v. Allstate

Max:

I am writing in follow up to your below email, specifically regarding the requested call records. Allstate does not have access to the vendor portals used by agents. To the extent InboundCD provided leads and/or call lists to Deborah Naulls or Karon King via their Allstate emails, Allstate will produce any such responsive, non-privileged documents. Our review of their emails is ongoing. Additionally, InboundCD's call records from July 16, 2024, can be accessed using the following link: https://www.sendthisfile.com/SGnNZLYNF9MTbKBdYwhXQ995.

Please note that this list shows calls placed by InboundCD on July 16, 2024. Because InboundCD serves various carriers, and a customer match is not determined until after a prospect has completed their interview, this list does not depict calls made on behalf of Allstate nor calls ultimately transferred to Allstate. Notwithstanding, as you will see upon