**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Petitioner,<br><br>v.<br><br>NAVLAN PR, LLC d/b/a INBOUNDCD and RYAN BLACKMAN,<br><br>Respondents. | Case No. 26-mc-129-FAB-MEL |

**MOTION FOR LEAVE TO SERVE RESPONDENTS NAVLAN PR, LLC D/B/A INBOUNDCD AND RYAN BLACKMAN BY ALTERNATIVE MEANS**

Petitioner Kimberly Starling ("Petitioner"), by and through undersigned counsel, hereby brings her motion for leave to serve Respondents Navlan PR, LLC d/b/a InboundCD ("InboundCD") and Ryan Blackman ("Blackman," collectively "Respondents") by alternative means.

## I. Relevant Background

The Underlying Action is a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, filed in the United States District Court for the Northern District of Illinois on April 14, 2025, by Petitioner against Allstate Insurance Company ("Allstate"). Respondents in this subpoena enforcement action are Allstate's telemarketing vendor and the vendor's principal.

On July 16, 2024, Petitioner received an unsolicited prerecorded call to her cellular telephone saying "Hi. This is Jen from Allstate. How are you doing today?" Complaint, ¶ 20. During the phone call, Petitioner was transferred by InboundCD to a local Allstate insurance agency to solicit her for car insurance. Compl. ¶ 27. Allstate's Initial Disclosures identified InboundCD as the

third-party vendor who transferred the July 16, 2024, phone call.[1] Petitioner has confirmed through telephone carrier records that InboundCD was involved in the call and transferred the call to her local Allstate agency.

In the Underlying Action, Petitioner diligently sought to serve subpoenas for documents and depositions to Respondents over the course of many months, but was unsuccessful. InboundCD and Blackman are in possession of important documents and information pertaining to the Underlying Action, such as the calling records that reveal the calls to class members as well as knowledge of the telephone carriers, vendors, and equipment used to make the calls. Petitioner filed a motion in the Underlying Action for leave to serve by alternative means via email and First Class mail. The motion is attached as Exhibit A to Motion to Enforce Subpoenas (ECF No. 1-1). The Court granted the motion and Petitioner completed service as permitted by the Order. Exhibit B to Motion to Enforce Subpoenas. ECF No. 1-1, page 52 (ECF pagination).

Respondents failed to comply with the subpoenas that were served by alternative means, forcing Petitioner to initiate this miscellaneous proceeding on April 13, 2026, to enforce the subpoenas and achieve compliance. Since the filing of this action, Petitioner has made more attempts to complete formal service on Respondents, to no avail.

## II. Argument

Petitioner respectfully requests leave to serve Respondents by alternative means with respect to her Motion to Enforce Subpoenas. "To obtain such a remedy, the plaintiff must show, through an affidavit, 'vigorous steps and honest effort in attempting to personally serve the defendant.'" U.S. Bank Nat'l Ass'n v. Hernandez Galarza, 291 F. Supp. 3d 238, 241 (D.P.R. 2018).

### A. Petitioner Has Vigorously and Honestly Attempted Formal Service

[1] InboundCD is an approved Allstate telemarketing vendor and has an ongoing business relationship with Allstate.

Certain pre-filing facts inform the diligence inquiry. Respondents have had actual knowledge of the underlying subpoenas since at least August 29, 2025. On that date, counsel for Allstate Insurance Company, Ms. Jani K. Mikel of Akerman LLP, met by video conference with Mr. Blackman and personally informed him that Petitioner's counsel was attempting to subpoena InboundCD; Ms. Mikel subsequently emailed Mr. Blackman, but received no response. See Exhibit G to Motion to Enforce Subpoenas (ECF No. 1-1 at 90 (ECF pagination)). Following that meeting, Petitioner obtained an Order in the Underlying Action authorizing service of the subpoenas by email and First Class mail, see Exhibit B to Motion to Enforce Subpoenas (ECF No. 1-1 at 52 (ECF pagination)), and completed that service on October 3, 2025, see Exhibit C to Motion to Enforce Subpoenas (ECF No. 1-1 at 54–58 (ECF pagination)).

On November 26, 2025, Mr. Alfredo Fernández-Martínez of Delgado & Fernández, LLC wrote to Petitioner's counsel confirming that his firm had been "engaged to represent Mr. Ryan D. Blackman and Navlan PR, LLC," acknowledging receipt of the emailed subpoenas, requesting that "all future communications you may wish to send them[] be directed exclusively to the undersigned," and representing that Respondents were "prepared to voluntarily produce documents… within a reasonable timeframe." Exhibit E to Motion to Enforce Subpoenas (ECF No. 1-1 at 83–85 (ECF pagination)). Respondents thereafter produced no documents, and Petitioner is unaware of any further substantive communication from Mr. Fernández-Martínez or Respondents in the months that followed. Respondents' non-compliance ultimately required Petitioner to initiate this miscellaneous proceeding on April 13, 2026.

Following the commencement of this miscellaneous proceeding, Petitioner engaged process server José Daniel Morales Colon to effect formal service on Respondents. Over the course of approximately one month, Mr. Morales Colon made ten in-person attempts at six distinct locations,

sought information from local law enforcement and postal authorities, conducted online and social-media searches, and made direct outreach to Respondents by email and to Respondents' prior counsel by both in-person visit and telephone. None of these efforts produced contact with Respondents or yielded any useful information about their whereabouts. The Affidavit of José Daniel Morales Colon, attached as Exhibit 1 hereto, details each effort. The principal attempts are summarized below.

On April 13, 2026, at approximately 12:40 p.m., Mr. Morales Colon arrived at #101 Av. José de Diego, San Juan, Puerto Rico 00927 — the address listed for InboundCD's registered office in the Puerto Rico Department of State Corporations Registry. See Exhibit 2 hereto (Department of State Corporations Registry record for Navlan PR, LLC). The address corresponds to the offices of PSV & Co., PSC, an accounting firm. Mr. Morales Colon was met there by Ms. Nilza Serrano, who advised that Mr. Blackman and Navlan PR LLC had previously been clients of the firm but were no longer clients, and that the firm had no knowledge of Respondents' whereabouts and no contact information for them. Colon Aff. ¶ 4.

That same afternoon, at approximately 3:15 p.m., Mr. Morales Colon arrived at #11 Golf View Drive, Dorado Country Estates, Dorado, Puerto Rico 00646 — an address previously identified for Mr. Blackman and the site of a prior unsuccessful attempt to serve him at this same gated community in October 2025, when access at the gate was likewise denied. See Colon Aff. ¶ 3; Exhibit A to Motion to Enforce Subpoenas, at Exhibit 9 (ECF No. 1-1 at 49–50 (ECF pagination)). Mr. Morales Colon was met at the entrance by a security officer, Officer Figueroa, who advised that she was under standing instructions not to allow process servers access to the complex and not to provide any information about residents to inquiring parties. Colon Aff. ¶ 5.

Mr. Morales Colon also sought information about Respondents from local law enforcement and postal authorities. At approximately 3:40 p.m. that same day, he visited the Dorado Precinct of the Puerto Rico State Police at #410 C. Méndez Vigo, Dorado, Puerto Rico 00646, where Sergeant Sonia Concepción (badge no. 8-18562) reported that she had no knowledge of Respondents or their current whereabouts. Colon Aff. ¶ 6. At approximately 4:00 p.m., he visited the USPS office at #618 Av. José Efrón, Dorado, Puerto Rico 00646, where Postmaster Edgardo Negrón reported the same. Colon Aff. ¶ 7. The following morning, on April 14, 2026, at approximately 9:10 a.m., Mr. Morales Colon visited the USPS office at 201 José de Diego Avenue, San Juan, Puerto Rico 00927, where Mr. Ortega likewise reported no knowledge of Mr. Blackman or of any address, headquarters, or representative of Navlan PR LLC. Colon Aff. ¶ 8. At approximately 9:30 a.m. that morning, Mr. Morales Colon visited the Puerto Nuevo State Police station at 1330 San Patricio Avenue, San Juan, Puerto Rico 00921, where Officer Pedro Camacho (badge no. 34299) reported no knowledge of Respondents or their whereabouts. Colon Aff. ¶ 9.

On April 15, 2026, at approximately 2:17 p.m., Mr. Morales Colon transmitted an email to admin@inboundcd.com and ryan@inboundcd.com identifying himself as the process server, identifying the Underlying Action by caption and case number, and requesting that Mr. Blackman contact him at (787) 932-8671 to coordinate delivery of the subpoenas. Neither message generated a delivery failure, neither was answered, and no responsive telephone call was received. Colon Aff. ¶¶ 10–11.

Later that afternoon, at approximately 2:30 p.m., Mr. Morales Colon visited the offices of Delgado Fernández, LLC, located in the T-Mobile Center at 37 Tabonuco Street, Suite 1009, Guaynabo, Puerto Rico 00968, where he was met by Ms. Janette, who stated that the firm had no knowledge of Respondents. Colon Aff. ¶ 12. Mr. Morales Colon also conducted searches for

Respondents on Google and on the Instagram and Facebook social-media platforms, none of which produced any useful information. Colon Aff. ¶ 13.

On May 12, 2026, at approximately 3:10 p.m., Mr. Morales Colon telephoned Delgado & Fernández, LLC at +1 (787) 274-1414. After being transferred and placed on hold, he spoke with Ms. Maireny, who reported that the firm had no information regarding Mr. Blackman. Colon Aff. ¶ 14.

Separately, Petitioner's counsel has corresponded directly with Mr. Fernández-Martínez of Delgado & Fernández, LLC — the attorney who, in the Underlying Action, acknowledged receipt of the subpoenas on Respondents' behalf and requested that future communications be directed to him (see Exhibit E to Motion to Enforce Subpoenas, ECF No. 1-1 at 83) — to inquire whether the firm would accept service of this Motion to Enforce. Counsel has received no response.

Beyond the failed in-person attempts, Respondent Navlan PR LLC's own affirmative conduct in the Puerto Rico Department of State Corporations Registry violates its statutory obligations and itself constitutes evasion. Navlan PR LLC has designated itself as its resident agent, with its designated office at #101 Av. José de Diego, San Juan, PR 00927. See Exhibit 2 hereto; see also Exhibit A to Motion to Enforce Subpoenas, at Exhibit 4 (ECF No. 1-1 at 37–40 (ECF pagination)). Puerto Rico law requires that the office where a resident agent is located "ordinarily be open during business hours to receive service of process and to perform the functions proper to a resident agent." 14 L.P.R.A. § 3542(A); Ley Núm. 164-2009, art. 3.02. Navlan PR LLC has plainly failed to do so: the designated address is occupied by an unrelated accounting firm, PSV & Co., PSC, which has no current relationship to Respondents and cannot and will not accept service for them. See Colon Aff. ¶ 4. By holding itself out as its own resident agent while abandoning the office where service was to be made, Navlan PR LLC has not merely

become difficult to locate; it has structured its affairs to evade service in violation of its affirmative statutory obligations under the Puerto Rico General Corporations Act of 2009.

This statutory non-compliance is part of a broader pattern. Respondents have also instructed residential security to refuse access to process servers, relied on commercial mail-drop addresses in Wyoming and Dorado at which no authorized person is present, declined to answer direct email outreach concerning the subpoenas, and failed to respond to repeated inquiries to their prior Puerto Rico counsel. These efforts amply satisfy the standard for "vigorous steps and honest effort" required to obtain leave for alternative service. Hernandez Galarza, 291 F. Supp. 3d at 241. On this record, an alternative means of accomplishing service is warranted.

**B. Alternative Service by Email Has the Best Chance of Actually Reaching Respondents**

Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Email beats publication in this regard. Petitioner recognizes that Puerto Rico Rules of Civil Procedure prescribe service by publication under such circumstances. *See* P.R. R. Civ. P. Rule 4.6.

However, courts have authorized alternate service of process by email where, as here, the parties had regularly used email to communicate in the past. *See, e.g.*, *XMOD Indus. v. Kennedy*, No. 1:22-CV-11464-IT, 2022 WL 17486611, at *2 (D. Mass. Dec. 7, 2022); *Swenson v. Mobilityless, LLC*, 2020 WL 2404835, at *2 (D. Mass. May 12, 2020) (authorizing service by email and phone); *Jackson Lab'y v. Nanjing Univ.*, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (authorizing service by email because "when a form of communication has previously been utilized successfully by the parties, it remains a proper channel for service of process."); *Sec. & Exch. Comm'n v. Marvel Partners*, 2008 WL 11511616, at *2 (D. Mass. Dec. 22, 2008)

(authorizing service by email when "email is the only means of communication the defendants are known to have used.").

Here, Petitioner has already established that Respondents receive and send email correspondence at the @inboundcd.com domain. Counsel for Respondents at Delgado & Fernández, LLC confirmed by letter dated November 26, 2025, that Respondents had received Petitioner's prior email service of the subpoenas at ryan@inboundcd.com and admin@inboundcd.com, and requested that all future communications be directed to him. See Exhibit E to Motion to Enforce Subpoenas (ECF No. 1-1 at 83–85 (ECF pagination)). Allstate and InboundCD maintain an ongoing commercial relationship, and InboundCD personnel — including Mr. Blackman's colleague Mr. Zac Donald — have actively used @inboundcd.com email addresses in operational communications with Allstate, including on the very day of the call at issue. See Exhibit F to Motion to Enforce Subpoenas (ECF No. 1-1 at 87–88 (ECF pagination)) (July 16, 2024 email exchange between Zac Donald (zac@inboundcd.com) and Deborah Naulls (Allstate)). Prior to the lawsuit, Mr. Blackman corresponded directly with Petitioner from ryan@inboundcd.com. See Exhibit A to Motion to Enforce Subpoenas, at Exhibit 3 (ECF No. 1-1 at 34–36 (ECF pagination)).

Therefore, Petitioner requests an Order allowing for service by email to ryan@inboundcd.com. Petitioner will also send documents to admin@inboundcd.com—currently the email for contacting InboundCD posted on its website. Petitioner will also send copies of the Court's Order approving alternative service in this case so that Respondents understand that there will be consequences for ignoring service this time. Petitioner will also send the documents to Delgado & Fernandez, LLC, to honor Mr. Fernández-Martinez's prior request that future communications be sent to him.

## III. Conclusion

For the foregoing reasons, Petitioner requests that her Motion for Leave to Serve Respondents by Alternative Means be granted, and such other relief as the Court deems warranted under the circumstances.

Date: May 28, 2026

Respectfully submitted,

/s/ Jairo Mellado-Villarreal

Jairo Mellado-Villarreal (USDC No. 208112)
jmellado@mellado.com
Tessie Leal-Garabis (USDC No. 218408)
tleal@mellado.com
MELLADO & MELLADO-VILLARREAL LLC
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel.787-767-2600/Fax 787-767-2645

Max S. Morgan, Esq. *(*Pending *Pro Hac Vice)*
(PA Bar No. 316096)
max.morgan@theweitzfirm.com
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875

*Counsel for Petitioner Kimberly Starling*

**Certificate of Service**

I hereby certify that pursuant to L.Cv.R. 5.1(b) (2), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this May 28, 2026.

*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com

**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645