**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

KIMBERLY STARLING, on behalf of herself and others similarly situated,

Petitioner,

v.

NAVLAN PR, LLC d/b/a INBOUNDCD and RYAN BLACKMAN,

Respondents.

CIVIL NO. 26-mc-129-FAB-MEL

**SPECIAL APPEARANCE TO QUASH SERVICE OF *MOTION TO ENFORCE SUBPOENAS***

**TO THE HONORABLE COURT**:

**COME NOW,** through a special appearance and without submitting to the jurisdiction of this Court, *Navlan PR, LLC d/b/a INBOUNDCD* ("Navlan PR") and Ryan Blackman (collectively, the "Specially Appearing Movants"), through the undersigned attorneys, respectfully request that this Court quash the service of the *Motion to Enforce Subpoenas* executed by petitioner Kimberly Starling ("Petitioner") on the grounds that service was improper and failed to comply with the applicable requirements of the Federal and Puerto Rico Rules of Civil Procedure, as follows:

## I. Introduction

1. Petitioner initiated the present miscellaneous enforcement proceeding in this district seeking to compel the Specially Appearing Movants' compliance with subpoenas issued by the U.S. District Court for the Northern District of Illinois in a separate case.

2. However, before this Court can exercise jurisdiction over the Specially Appearing Movants, Petitioner must establish that valid service of process was effectuated as part of these enforcement proceedings.

3. The record shows that Petitioner failed to meet the applicable service standards for

situations where a person or entity in Puerto Rico cannot be located. In the same manner, the purported alternative service methods authorized by the Court via electronic mail overlooked the mandatory personal jurisdictional requirements established in Puerto Rico R. Civ. P. 4.6.[1]

4. In light of this significant procedural deficiency, any purported service conducted by Petitioner through an email communication was wholly ineffective. As such, this Court lacks personal jurisdiction over the Specially Appearing Movants for any further proceedings. Therefore, as further discussed below, any service executed by Petitioner through improper alternative methods authorized by the Court was defective and must be quashed.[2]

## II. Relevant Procedural Facts

5. On April 14, 2025, Petitioner filed a Complaint against Allstate Insurance Company ("Allstate") in the United States District Court for the Northern District of Illinois, case no. 25-cv-04000, alleging violations of the *Telephone Consumer Protection Act* (TCPA) (the "Underlying Case").

6. As part of the Underlying Case, a subpoena was issued to Navlan PR on July 1, 2025 requiring the production of certain documents. In the same manner, on August 6, 2025, a subpoena was issued for Ryan Blackman to appear for a deposition (collectively, the "Subpoenas"). The Subpoenas were never properly served on the Specially Appearing Movants.

7. Notwithstanding, on November 26, 2025, the undersigned attorney exchanged communications with Petitioner's Counsel informing, among other facts, that he was representing Ryan Blackman and Navlan PR in relation to the Subpoenas and that they objected to the purported service conducted via email. However, in spite of these objections, the undersigned counsel further

---

[1] References to the record of this case have been obtained primarily through counsel search of the case docket.

[2] See, Movimiento Solidario Sindical v. Pepsiamericas, Inc., 652 F. Supp. 2d 189 (D.P.R. 2009) ("*Before a Court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied*").

stated that the Specially Appearing Movants would engage in good faith efforts to cooperate with Petitioner's requests regarding this matter, while at the same time reserving all rights and objections.

8. On January 23, 2026, the Specially Appearing Movants produced correspondence related to the matter requested by the Petitioner. In spite of these good faith efforts and voluntary compliance, upon review of the produced documents, Petitioner unilaterally deemed them to be insufficient and proceeded to file the present enforcement action on April 13, 2026.

9. On May 28, 2026, Petitioner filed a Motion for Leave to serve the Specially Appearing Movants through alternative means (Dkt. 6) requesting as follows:

> "an Order allowing for service by email to ryan@inboundcd.com. Petitioner will also send documents to admin@inboundcd.com—currently the email for contacting InboundCD posted on its website. Petitioner will also send copies of the Court's Order approving alternative service in this case so that Respondents understand that there will be consequences for ignoring service this time. Petitioner will also send the documents to Delgado & Fernandez, LLC, to honor Mr. Fernández-Martinez's prior request that future communications be sent to him."
> (See Dkt. 6, pg. 8).

10. The Court then issued an Order on May 29, 2026 stating that: "Plaintiffs [sic] may serve process on defendants Navlan PR, LLC, d/b/a InboundCD and Ryan Blackman by alternative means." (Dkt. 7).

11. On June 9th, 2026, Petitioner filed a Certificate of Service (Dkt. 8) stating, among other things, that:

> On June 1, 2026, at approximately 3:35 p.m. (Atlantic Standard Time), in accordance with the Order of Court granting Petitioner's Motion for Leave to Serve Motion to Enforce Subpoenas by Alternative Means, I caused to be sent by email, using Microsoft Outlook and with a read receipt and a return (delivery) receipt requested, the following documents:
>
> - The subpoena to Ryan Blackman commanding production of documents and appearance for deposition;

• The subpoena to Navlan PR, LLC d/b/a InboundCD commanding production of documents;

• Petitioner's Motion to Enforce Subpoenas Against Navlan PR, LLC d/b/a InboundCD and Ryan Blackman (ECF No. 1), with exhibits ("Motion to Enforce"); and

• The Court's Order on Service Through Alternative Means, dated May 29, 2026 (ECF No. 7).

The documents were sent to

• ryan@inboundcd.com;

• admin@inboundcd.com;

• afernandez@delgadofernandez.com

(See Dkt. 8, pg. 1-2).

12. The service described by Petitioner failed to meet the applicable requirements and the alternative methods authorized by Court failed to comply with the applicable Puerto Rico Rules of Civil Procedure. As such, service must be quashed and a dismissal of the present action is warranted.[3]

## III. Applicable Standards and Discussion

13. Fed. R. Civ. P. 4 (e) permits service in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" (See Fed. R. Civ. P. 4 (e) (1)) or by "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process" (See Fed. R. Civ. P. 4 (e) (2)).

[3] When service of process is attempted pursuant to a procedural rule of Puerto Rico, a court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. See, CitiMortgage, Inc. v. Paniagua-Latimer, 756 F. Supp. 2d 211 (D.P.R. 2010). Also, when faced with a determination that service of process is insufficient, the court has broad discretion to dismiss the action or retain the case and quash service of process. See, Torres v. Junta de Gobierno del Servicio de Emergencia, 91 F. Supp. 3d 243 (D.P.R. 2015).

14. Petitioner has stated that she was unable to complete proper service of the Subpoenas pursuant to the methods in Fed. R. Civ. P. 4 (e) (2).

15. Therefore, if service is to be completed pursuant to Fed. R. Civ. P. 4 (e) (1), all corresponding Puerto Rico service prerequisites must be met.

16. Puerto Rico R. Civ. P. 4.6 governs service by publication of a newspaper edict in different scenarios including when the person to be served, being in Puerto Rico, cannot be located after due diligence. The aforementioned rule requires, among other acts, the following:

> (a) a sworn statement establishing the efforts undertaken to locate the defendant;
>
> (b) a showing of a viable claim against the defendant;
>
> (c) issuance of an order authorizing service by publication;
>
> (d) publication of notice in a newspaper of general circulation; and
>
> (e) mailing of the summons and complaint to the defendant's last known address within ten (10) days of publication.

17. It does not authorize any "alternative means" of service such as email. The only service by mail permitted is after publication of an edict in a newspaper of general circulation in Puerto Rico.

18. In Driven, P.S.C. v. Flamingo Paper & Food Servs. Prods. Corp., 2025 U.S. Dist. LEXIS 94348 (Puerto Rico, 2025) this Court explained how service of process by edict is performed in Puerto Rico:

> Once the court has granted service by publication, the plaintiff shall publish the summons one time in a newspaper of general circulation within Puerto Rico. Id. Within ten days of this publication, the plaintiff shall send a copy of the summons and the complaint, by certified mail with acknowledgment of receipt, to the defendant's last known address. Id. Furthermore, when service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. See Culebra Conservation & Dev. Authority v. Wit Power II, 108 F.R.D. 349, 352 (D.P.R. 1985).

19. Also, it is well-settled that "Rule 4.6 of the Puerto Rico Rules of Civil Procedure allows for service by publication only in limited circumstances. As relevant here, service by

publication is permitted in cases where the defendant is hiding, is unknown, or for whatever reason cannot be located despite due diligence." P.R. Laws Ann. tit. 32, App. III R. 4.6. U.S. Nat'l Bank Ass'n v. Estate of Galarza, 291 F. Supp. 3d 238, 241 (D.P.R., Feb. 2, 2018).

20. Puerto Rico courts have consistently held that the requirements of Rule 4.6 are mandatory and must be strictly construed because they are jurisdictional in nature. Failure to strictly comply therefore renders service ineffective and deprives the court of personal jurisdiction over the defendant.[4]

21. In her Motion for Leave (Dkt. 6), Petitioner offers no compelling reason for sidestepping the requirements set forth in Puerto Rico R. Civ. P. 4.6 for proper service of process.

22. She expressly states that "Petitioner recognizes that Puerto Rico Rules of Civil Procedure prescribe service by publication under such circumstances. See P.R. R. Civ. P. Rule 4.6" (Dkt. 6, pg. 7) but then goes on to cite case law from U.S. District Courts in Massachusetts and Maine, which obviously have no bearing and involve different criteria to the Puerto Rico Rules of Civil Procedure.

23. Petitioner cites the U.S. Supreme Court's decision in Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) stating that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". (Dkt. 6, pg. 7). Then, in a particularly surprising turn, Petitioner concludes that "Email beats publication in this regard." (Dkt. 6, pg. 7). This assertion is tantamount to amending Puerto Rico's Rules of Civil Procedure by stating that,

[4] ""The Puerto Rico Supreme Court insists upon strict compliance with the[se] requirements," Id quoting Culebra Conservation & Dev. Auth. v. Wit Power II, 108 F.R.D. 349, 355 (D.P.R. 1985), because "service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant—publication—that is quite likely to go unobserved."". Id quoting Senior Loiza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985).

although those rules do not authorize service via email, Petitioner has unilaterally decided that it would be a more effective method.

24. Notwithstanding any practical concerns, the rule of law and due process must be followed. The Puerto Rico Rules of Civil Procedure are clear as to the procedures that must be followed when a party is unable to locate an individual or entity to effect service.[5]

25. The Puerto Rico Rules of Civil Procedure do not admit any alternative means of service, and it is up to the Puerto Rico Legislature to enact such measures. After Petitioner opted to conduct service pursuant to Fed. R. Civ. P. 4 (e) (1) an order authorizing service via email cannot cure failures to comply with those prerequisites because strict compliance is required. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("the basis for service of process returnable to a particular court must be grounded within a federal statute or Civil Rule") and Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991) (per curiam) ("If no federal statute exists, then Rule 4(e) allows extraterritorial service of process only to the extent permitted by the law of the state in which the district court sits").

26. More importantly, before service by publication is authorized, the plaintiff must submit both (1) an affidavit stating the steps taken to locate the defendants, and (2) an affidavit or sworn complaint that justifies the granting of some relief against the person to be served. Both the First Circuit and this court have found that the district court lacked jurisdiction to enter a default judgment against a defendant when service by publication was authorized without the filing of a sworn complaint or sworn statement attesting to the truth of the allegations against the defendants.

[5] "In the federal courts, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014) (citing United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)). "Rule 4(h), which deals with service of process on corporations, contemplates service either in a manner consistent with the law of the forum state, or on an 'agent authorized by appointment or by law to receive service of process.'" Id. at 5 (citing Fed. R. Civ. P. 4(h)(1)(A); then quoting Fed. R. Civ. P. 4(h)(1)(B)).

See Pramco CV9, LLC v. Olivo, 2013 U.S. Dist. LEXIS 206146 (Puerto Rico); Citimortgage, Inc. v. Paniagua-Latimer, 756 F. Supp. 2d 211, 214-15 (D.P.R. 2010).

27. In addition, Rule 4.6 of the Puerto Rico Rules of Civil Procedure of 2009 allows a court to order service by publication on a local defendant if he "cannot be located although pertinent attempts have been made." P.R. Laws Ann. tit. 32, App. V, R. 4.6(a) (our translation)

28. To find that pertinent attempts have been made "requires proof [of the plaintiff's] vigorous steps and honest effort in attempting to personally serve the defendant." Pagán v. Rivera Burgos, 113 D.P.R. 750, 754, 13 P.R. Offic. Trans. 969, 975 (P.R. 1983) (construing similar 1979 version of Rule 4.6). These requirements of Rule 4.6 are "interpreted in a strict and technical manner." Senior Loiza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985) (construing 1979 Rule).

29. In this case, Petitioner did not publish notice by edict in any newspaper of general circulation. Petitioner did not demonstrate compliance with the publication requirements established by Rule 4.6. Instead, Petitioner sought a procedure that bypassed the safeguards imposed by Puerto Rico law. Because Rule 4.6 provides the governing procedure for substituted service under Puerto Rico law, substantial compliance is insufficient. Strict compliance is required. The absence of publication alone is fatal and renders service void.

30. Petitioner repeatedly argues that Respondents possessed actual notice of the subpoenas and of this proceeding. However, actual notice cannot cure defective service where the applicable procedural requirements have not been satisfied. See Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991). ("service rules were established to provide bright lines and avoid entangling the courts in ad hoc determinations about whether and to what degree actual notice of a lawsuit was provided. If these rules are to be modified, it must be through the authorized rule-making procedure").

31. Because service was not accomplished in accordance with Rule 4(e)(1) and Puerto Rico Rule 4.6, this Court has not acquired personal jurisdiction over Respondents.

32. Accordingly, the Motion to Enforce Subpoenas cannot proceed unless and until Respondents are properly served in accordance with applicable law.

## IV. Conclusion

33. In the present matter there is no doubt that the Petitioner did not follow Puerto Rico law procedural rules. When due diligence fails to accomplish ordinary service, Puerto Rico's Rules of Civil Procedure provide a mechanism for service through publication of a newspaper edict which must be strictly observed. Service through e-mail was not a possibility and thus it was ineffective. Without adequate service of process this Court has not acquired jurisdiction over Navlan PR and Ryan Blackman. Therefore, the purported service must be quashed and the case dismissed.

**WHEREFORE**, the specially appearing parties, respectfully request, that this Honorable Court quash the purported service of process upon Navlan PR, LLC and Ryan Blackman, dismiss the *Motion to Enforce Subpoenas* (Dkt. 1) for lack of proper service and personal jurisdiction and grant any other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY CERTIFIES**, that on this same date we electronically filed a copy of the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send notice of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

In Guaynabo, Puerto Rico, this 15th day of June, 2026.

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco Street, Suite 1000
Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

s/Alfredo Fernández Martínez
Alfredo Fernández Martínez
USDC-PR #210511
afernandez@delgadofernandez.com

-