**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Petitioner,<br><br>v.<br><br>NAVLAN PR, LLC d/b/a INBOUNDCD and RYAN BLACKMAN,<br><br>Respondents. | Case No. 26-mc-129-FAB-MEL |

**PETITIONER KIMBERLY STARLING'S RESPONSE TO SPECIAL APPEARANCE TO QUASH SERVICE OF MOTION TO ENFORCE SUBPOENAS**

Pursuant to Fed. R. Civ. P. 45, Petitioner Kimberly Starling ("Petitioner") responds to Navlan PR, LLC d/b/a InboundCD and Ryan Blackman's ("Respondents") Special Appearance to Quash Service of Motion to Enforce Subpoenas in this miscellaneous proceeding under Rule 45 to enforce subpoenas served in accordance with Court Orders against Respondents.

## I. Relevant Background

On July 16, 2024, Plaintiff received an unsolicited, illegal prerecorded call to her cellular telephone saying "Hi. This is Jen from Allstate. How are you doing today?" Complaint, ¶ 20. During the phone call, Plaintiff was transferred by the caller to a local Allstate insurance agency to solicit her for car insurance. Compl. ¶ 27.

On April 14, 2025, Plaintiff sued Allstate Insurance Company ("Allstate") in the United States District Court for the Northern District of Illinois, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. *See Starling v. Allstate Insurance Co.,* No. 1:25-cv-04000 (N.D. Ill.) Allstate's Initial Disclosures identified Navlan PR LLC d/b/a InboundCD

("InboundCD") as the third-party vendor who is believed to have knowledge or information concerning the July 16, 2024 phone call. Based on discovery obtained in the underlying case, Plaintiff believes that InboundCD was responsible for the illegal prerecorded call campaign that resulted in the call to Plaintiff that was then transferred to the Allstate insurance agency.

Through a Rule 45 subpoena, Plaintiff seeks the identification of the telephone carrier InboundCD used to make the calls, the true and correct call detail records and other related information from Inbound CD and its principal, Ryan Blackman. Plaintiff undertook many efforts to serve subpoenas to InboundCD and its principal, Ryan Blackman, which were initially unsuccessful. However, on October 1, 2025, Plaintiff filed an Agreed Motion for an Order Approving Service of Process by Alternative Means on Navlan PR LLC and Ryan Blackman, detailing Plaintiff's diligence in attempting service of the subpoenas, and requesting leave to serve the subpoenas by First Class Mail and by email at addresses known to be used by Respondents. On October 3, 2025, the Court granted the Motion for Alternative Service. [ECF No. 1-1, page 52 (ECF pagination)]. ***Respondents do not seek to quash service of the subpoenas.***

Plaintiff served subpoenas in accordance with the Order to the email addresses known to be used by Blackman and InboundCD and mailed copies of the subpoenas to mailing addresses known to be addresses where they receive mail. *See id*. pages 54–58 (ECF pagination). Respondents completely ignored the subpoenas for months. Then, in December 2025, Respondents provided incomplete and limited responses of information they wanted to produce, failed to fully comply, and objected to providing anything more and cut off communications with Petitioner.

On April 13, 2026, Petitioner initiated this miscellaneous proceeding to enforce the subpoenas. Since then, Petitioner has been engaged in substantial efforts (again) to formally serve the motion to enforce subpoenas on Respondents. As detailed in Petitioner's motion for alternative

service, despite vigorous attempts, Blackman has successfully evaded formal service by hiding behind false or outdated corporate filings with the Secretary of State and hiding from process servers in Blackman's gated community. [*See generally* ECF No. 6]. The Court should not allow Respondents to continue to thumb their nose at lawful subpoenas.

## II. Argument

### A. The Subpoenas Were Properly Served and Are Enforceable.

Although Respondents make an off-hand assertion that the "Subpoenas were never properly served." (Motion to Quash, ¶ 6 (ECF No. 13), their motion is directed ***only*** at quashing service of Petitioner's motion to enforce the subpoenas. They have thus waived any argument that the subpoenas themselves were not properly served. *United States v. Kilmartin*, 944 F.3d 315, 341 (1st Cir. 2019) (deeming an argument waived when raised in "only in a cursory manner, without citation to any relevant authority.").

Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." *Civelli v. J.P. Morgan Sec., LLC*, No. 2:21-MC-00163-JCN, 2021 WL 2853647, at *2 (D. Me. July 8, 2021). District courts in the First Circuit have acknowledged a growing number of courts that have approved alternative service of a subpoena "so long as service is calculated to provide timely actual notice" and a demonstration of prior diligent attempts to serve the subpoena personally. *Beer v. Toyota Motor Corp.*, No. 2:24-CV-00197-LEW, 2025 WL 2646303, at *1 (D. Me. Sept. 15, 2025); *Bloom v. Campbell*, No. CV 24-10339-RGS, 2025 WL 1859382, at *1 (D. Mass. June 17, 2025); *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013) ("This Court agrees with the growing minority trend and finds that service was proper in

this case, where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena.").

District Courts have identified Rule 1 of the Federal Rules of Civil Procedure's guidance that the Rules be construed to secure the just, speedy, and inexpensive as the source of authority to permit service by email where appropriate. *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1043 (E.D. Mich. 2019) ("In granting plaintiffs' motion for alternative service, the Court also relies on its obligation to best "secure the just, speedy, and inexpensive determination" of the action."); *Cordius Tr. v. Kummerfeld*, No. 99 CIV 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) ("effective service under Rule 45 is not limited to personal service" "in accordance with the interpretative principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action'").

Here, Petitioner made a showing of diligence to the Court presiding over the Lawsuit and the Court entered an Order approving alternative service as requested. Petitioner caused the subpoenas to be served in accordance with the Order in sufficient time to provide actual notice to the Respondents. Petitioner also sent the subpoenas by First Class mail to the corporate addresses of InboundCD. ECF 1-1 page 57 (ECF pagination).

Blackman and InboundCD have actual notice of the subpoenas and have likely been engaged in evading service. Respondents do not dispute this. They merely argue that actual notice of the subpoenas and of this proceeding "cannot cure defective service" of the motion to enforce subpoenas. Motion to Quash ¶ 30. However, as explained below, service of the motion to enforce subpoenas complied with the law.

### B. The Motion to Enforce Subpoenas Was Properly Served on Respondents.

Service of motions, including motions to enforce subpoenas, is governed by Fed. R. Civ. P. 5. *Emcyte Corp. v. Apex Biologix, LLC*, No. 21-mc-1091 (FMO/MARx), 2021 WL5507219, at *2 (C.D. Cal. Nov. 24, 2021); *Accurso v. Cooper Power Sys., Inc.*, No. 06-cv-8485, 2008 WL 2510140,at *4 (W.D.N.Y. June 19, 2008); *Freeman v. Giuliani*, No. 21-3354 (BAH), 2023 U.S. Dist. LEXIS 129605, at *22 (D.D.C. July 13, 2023) ("neither Rule 5 nor Rule 45 demands personal service on a non-party witness of motion papers filed in court to enforce a subpoena."). Respondents assume that Fed. R. Civ. P. 4 applies to service of the motion to enforce subpoenas, but Rule 4 applies service of a summons and complaint on a defendant in a lawsuit, not a respondent to a Rule 45 subpoena, and Respondents have not supported their assumption with any authority.

Fed. R. Civ. P. 5(a)(1) provides that written motions must be served on every party and Rule 5(b) prescribes how service is made. If a party is represented by an attorney, "service under this rule must be made on the attorney, unless the court orders service on the party." In general, service of the motion may be accomplished by mailing it to the person's last known address. Fed. R. Civ. P. 5(b)(C), (E). Here, the motion to enforce subpoenas was mailed on May 1, 2026, to the last known address of Ryan Blackman, 11 Golf View Drive, Dorado, PR 000646. *See* Declaration of Anthony Ramos, ¶¶ 4–5 "Because service is complete upon mailing, service is not necessarily invalidated by the return of certified mail or a party's refusal to accept such mail." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, No. 17 BK 3283-LTS, 2025 WL 4730658, at *6 (D.P.R. Sept. 15, 2025). The motion was also sent to Mr. Fernández-Martínez, Respondents' attorney. *Id*. There is no doubt that Respondents actually received the papers and know about these proceedings.

Furthermore, the Court expressly approved Petitioner's request to serve the motion to enforce subpoenas by email to Respondents. ECF No. 7. Given that Respondents admitted they

have actual notice of the subpoenas and motion to enforce, their continual evasion of Petitioner's efforts to obtain formal service of the papers, and the fact that they presently use the email addresses to conduct their business, Rules 1 and 5 of the Federal Rules of Civil Procedure empowered the Court to enter such an Order allowing service by email.

Respondents' insistence that Petitioners ought to have conducted publication notice under the Rule 4.6 of the Puerto Rico Rules of Civil Procedure—publication notice that Respondents very likely never would have received—is unwarranted. Publication notice without email notice is not a means that would "actually inform[]" Respondents. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950). Here, the circumstances supported email service because it was likely to actually be noticed by Respondents. And, email service accomplished actual notice. Respondents' insistence upon service by publication at this point would not serve the goals of justice, speed, or economy; rather, it would be completely pro forma, delay the progress of the case, and cost time and money. It is not required by the Rules.

Respondents' assertion that Petitioner has not shown diligence in attempts to formally serve the papers is unsupported. In fact, Petitioner has been engaged in substantial efforts to effect formal service for many months as detailed in Petitioner's motion to enforce subpoenas and motion for alternative service. ECF Nos. 1, 6. Petitioner has been unable to serve the documents because Respondent is acting unreasonably, and evading attempts to serve.

The Court should deny Respondents' motion to quash. However, if the Court believes publication notice is nevertheless required, Petitioner notes that it will seek reimbursement of fees and costs from Respondents pursuant to Fed. R. Civ. P. 4(d)(2). On May 1, 2026, Petitioner sent a request to waive service pursuant to Rule 4(d)(1). Ramos Decl. ¶ 4. Respondents have failed to

fulfill their "duty to avoid unnecessary expenses." Rule 4(d)(1). Petitioner did not receive a signed response as of this date, making these costs and fees recoverable under Rule 4. *Id.* ¶ 7.

## III. Conclusion

For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's motion to enforce subpoenas, deny Respondents' motion to quash service of the motion to enforce subpoenas, and such other relief as the Court deems just and appropriate.

Date: July 6, 2026

/s/ Jairo Mellado-Villarreal
Jairo Mellado-Villarreal (USDC No. 208112)
jmellado@mellado.com
Tessie Leal-Garabis (USDC No. 218408)
tleal@mellado.com
MELLADO & MELLADO-VILLARREAL LLC
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel.787-767-2600/Fax 787-767-2645

Max Morgan, Esq. (admitted pro hac vice)
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Petitioner Kimberly Starling*

**Certificate of Service**

I hereby certify that pursuant to L.Cv.R. 5.1(b) (2), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this July 6, 2026.

*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com

**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645