**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Petitioner,<br><br>v.<br><br>NAVLAN PR, LLC d/b/a INBOUNDCD and RYAN BLACKMAN,<br><br>Respondents. | CIVIL NO. 26-mc-129-FAB-MEL |

**SPECIAL APPEARANCE IN REPLY TO**
**PETITIONER KIMBERLY STARLING'S RESPONSE TO**
**REQUEST TO QUASH SERVICE OF MOTION TO ENFORCE SUBPOENAS**

**TO THE HONORABLE COURT**:

**COME NOW,** through a special appearance and without submitting themselves to the jurisdiction of this Court, *Navlan PR, LLC d/b/a INBOUNDCD* ("Navlan PR") and Ryan Blackman (collectively, the "the Specially Appearing Movants"), through the undersigned attorneys, respectfully submit the present reply in support of their Special Appearance to Quash Service of Motion to Enforce Subpoenas, as follows:

I. Introduction

1. After the Specially Appearing Movants filed a *Special Appearance to Quash Service of Motion to Enforce Subpoenas* (the "Motion to Quash") (Dkt. No. 13) on June 15, 2026, petitioner Kimberly Starling (the "Petitioner") filed a *Response to Special Appearance to Quash Service of Motion to Enforce Subpoenas* (the "Response") (Dkt. No. 16) on July 6, 2026.

2. The Response misconstrues the controversies at issue and includes unfounded new arguments wherein Petitioner improperly conflates the relevant requirements for service under the

Federal Rules of Civil Procedure in order to sidestep the applicable rules for the District of Puerto Rico.

3. Petitioner's Response avoids addressing the Specially Appearing Movants' central arguments in the Motion to Quash by improperly focusing on the merits of the subpoenas issued by the U.S. District Court for the Northern District of Illinois in the matter of *Starling v. Allstate Insurance Co.*, Case No. 1:25- cv-0400 (N.D. Ill.) (the "Underlying Action") and by claiming that the Specially Appearing Movants waived any argument that the subpoenas from the Underlying Action were improperly served.

4. However, the Motion to Quash was a special appearance for the limited purpose of contesting service of the Motion to Enforce Subpoenas (the "Motion to Enforce") (Dkt. No. 1) in the present miscellaneous proceeding in the District of Puerto Rico. It cannot be construed as a waiver or relinquishment of any substantive arguments or rights regarding the subpoenas at issue.

5. In the same manner, Petitioner's assertions stating that the Specially Appearing Movants' are "thumbing their nose" at the Court, "hiding", and "evading service" are unwarranted and needlessly inflammatory. Further, such claims cannot be considered as a substitute for proper service in accordance with the Federal Rules of Civil Procedure and the Puerto Rico Rules of Civil Procedure.

6. As stated in the Specially Appearing Movants' Motion to Quash, actual notice is not the controlling standard regarding service in the present action, and the Puerto Rico Rules of Civil Procedure do not authorize alternative service via first class mail and/or email. As Petitioner has consistently admitted in her filings, the mechanism for adequate service in this case requires following the Puerto Rico Rules of Civil Procedure standards, which entail service by publication. As such, the applicable rules regarding proper service cannot be ignored in this matter and compliance is mandatory in order to ensure the principles of due process are observed.

7. Accordingly, as further explained below, the Motion to Quash must be granted, and

the Court should require Petitioner to complete proper service in accordance with all applicable rules before seeking enforcement of the subpoenas from the Underlying Case.

## II. Discussion

8. Petitioner's Response fails to adequately address the issues raised by the Specially Appearing Movants in the Motion to Quash and instead attempts to validate the service of the Motion to Enforce by focusing on the merits of the underlying case, matters which are not presently before the Court.

9. The present miscellaneous enforcement action is aimed at effecting service of the subpoenas issued by the U.S. District Court for the Northern District of Illinois. the Specially Appearing Movants, as a non-party to the Underlying Action, expressly made a special appearance, without submitting themselves to the jurisdiction of this Court, solely for the purpose of challenging the improper service of the Motion to Enforce. The parameters of the Specially Appearing Movants' appearance are clear and thus it cannot reasonably be construed as constituting a waiver to any other arguments regarding the subpoenas or the Underlying Case. See *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993), citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ([n]otice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service").

10. Petitioner's reliance on *United States v. Kilmartin*, 944 F.3d 315 (1st Cir. 2019) is therefore flawed and cannot be used to justify a waiver of any kind. This is also affirmed by considering the previous communications between the parties showing that the Specially Appearing Movants have engaged in good faith efforts to voluntarily produce certain documents, but that such cooperation was "made without waiver of any rights or objections, including those related to improper service and the scope of the subpoenas". See Exhibit 1 to Motion to Enforce (Dkt. No. 1-1, pg. 83).

11. As such, the Court is not currently faced with arguments made in a "cursory manner" regarding the service and scope of the subpoenas from the Underlying Action, but rather specific issues regarding defective service that fails to comply with the applicable rules.

12. Petitioner's position, as affirmed in her Response, is also flawed because it relies on contradictory and inconsistent interpretations of the Federal Rules of Civil Procedure. On the one hand, Petitioner states that service of motions, including motions to enforce subpoenas, is governed by Fed. R. Civ. P. 5 and as such, the alternative methods approved by this Court were allegedly proper and adequate. On the other hand, when convenient, Petitioner invokes and relies on Fed. R. Civ. P. 4 regarding service of summons and provisions related to waiver of service and the duty to avoid unnecessary expenses.

13. Rule 5(a)(1) expressly states that its service requirements apply to papers served "on every party" See Fed. R. Civ. P. 5 (a) (1). Petitioner has made no claims stating that the Special Appearing Movants are a party in this instance, and the Underlying Action confirms as much. Therefore, the provisions of Fed. R. Civ. P. 5 are not applicable to the present situation as Petitioner suggests. This distinction is key in light of the special circumstances and protections afforded to non-parties in discovery proceedings. See *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[a]lthough discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

14. Further, this affirms the Specially Appearing Movants' position that the present miscellaneous enforcement action requires proper service under Fed. R. Civ. P. 4. The service of the Motion to Enforce is akin to a service of summons and thus requires the same formal requirements, since it is the mechanism by which this Court acquires personal jurisdictions over the Specially Appearing Movants in order to enforce the subpoenas from the Underlying Case. For

this reason, Petitioner's contention that actual notice cures and supersedes all procedural defects is destined to fail. See *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). ("[a]ctual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court").

15. A district court's power to assert its jurisdictional authority is dependent not only on compliance with due process but also on compliance with the technicalities of Fed. R. Civ. P. 4. See *Vasquez v. Bailey,* 2011 U.S. Dist. LEXIS 67682, 2011 WL 2436546, at *5 (D.R.I. May 13, 2011) quoting *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("federal court lacks jurisdiction over improperly served defendant despite any actual notice of the lawsuit that the defendant may have") and quoting *Broughton v. Chrysler Corp.*, 144 F.R.D. 23, 26 (W.D.N.Y. 1992) ("[N]otice of suit received by means other than those authorized by statute or rule cannot serve to bring a defendant within the jurisdiction of the court").

16. Fed. R. Civ. P. 4 (e) establishes the relevant requirement for conducting effective service in a judicial district of the United States. It requires "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" (See Fed. R. Civ. P. 4 (e) (1)) or by "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process" (See Fed. R. Civ. P. 4 (e) (2)).

17. Petitioner recognized that she was unable to complete service of the Motion to Enforce pursuant to the methods in Fed. R. Civ. P. 4 (e) (2). Therefore, in order to complete proper service and for this Court to have jurisdiction over the Specially Appearing Movants, all corresponding Puerto Rico prerequisites must be met, in accordance with Fed. R. Civ. P. 4 (e) (1).

18. As has been frequently admitted by Petitioner (See Dkt. No. 1 and 16), the only valid mechanism under the Puerto Rico rules to carry out the service required in this case would be service by publication pursuant to Puerto Rico R. Civ. P. 4.6.

Petitioner has not conducted any such service by publication. The Response fails to mention any corresponding case law or any other instance where this Court, under Puerto Rico law, has authorized jurisdiction-conferring service using alternative methods not recognized under the Puerto Rico Rules of Civil Procedure.

19. In short, procedural rules exist for a reason. Permitting Petitioner's deficient service in this action would not only violate the Specially Appearing Movants' due process rights, but would also require this Court to proceed on a legally unsound basis. While the Specially Appearing Movants may have actual notice of the action, actual notice alone does not cure defective service. Proper service requires strict compliance with all applicable procedural rules and legal requirements. Petitioner's failure to satisfy those requirements warrants quashing service of process and dismissing this action. See *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir. 1991) ([w]e recognize that there is a high degree of formalism in our conclusion that this case must be dismissed for failure of proper service, despite the obvious fact that the defendant has received actual notice of the lawsuit.")

## III. Conclusion

20. As illustrated in the Motion to Quash, and further established herein, Petitioner's attempt to serve the Motion to Enforce by first-class mail and/or electronic mail fails to satisfy the necessary requirements to establish personal jurisdiction over the Special Appearing Movants. Because the Specially Appearing Movants are non-parties to the Underlying Action, service of the Motion to Enforce in this miscellaneous enforcement proceeding constitutes the procedural mechanism by which this Court would obtain personal jurisdiction over them. Accordingly, such service must comply with the formal requirements of Fed. R. Civ. P. 4, rather than the less stringent

service provisions applicable to pleadings and other papers under Fed. R. Civ. P. 5.

21. Petitioner has effectively conceded that she has been unable to complete service through any of the methods authorized under Fed. R. Civ. P. 4(e)(2). Consequently, proper service in this District must be accomplished pursuant to Fed. R. Civ. P. 4(e)(1), which incorporates the law of Puerto Rico governing service of summons in actions brought before courts of general jurisdiction. As Petitioner has acknowledged, the only recognized method under Puerto Rico law to effectuate service under the circumstances presented herein is service by publication pursuant to Puerto Rico R. Civ. P. 4.6. Petitioner, however, has not completed such service by publication.

22. Further, no possible waiver can be attributed to the Specially Appearing Movants regarding the service of the subpoenas. Accordingly, the arguments raised by Petitioner in her Response are baseless and any further proceedings that stem from the defective and non-compliant service of the Motion to Enforce would be procedurally improper and legally ineffective.

23. For these reasons, and those set forth in the Motion to Quash, the Specially Appearing Movants respectfully request that the Court grant their motions and deny any further relief predicated on Petitioner's defective service.

**WHEREFORE**, the Specially Appearing Movants respectfully request that this Honorable Court consider the present Reply, quash the purported service of process upon Navlan PR, LLC and Ryan Blackman, dismiss the *Motion to Enforce Subpoenas* (Dkt. No. 1) for lack of proper service and personal jurisdiction, and grant any other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

**THE UNDERSIGNED HEREBY CERTIFY**, that on this same date we electronically filed a copy of the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send notice of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

In Guaynabo, Puerto Rico, this 13th day of July, 2026.

**DELGADO & FERNÁNDEZ, LLC**
T Mobile Center at San Patricio
B7 Tabonuco Street, Suite 1000
Guaynabo, PR 00968
Tel. (787) 274-1414
Fax: (787) 764-8241

s/Alfredo Fernández Martínez
Alfredo Fernández Martínez
USDC-PR #210511
**afernandez@delgadofernandez.com**

s/ David J. González Casas
David J. González Casas
USDC-PR #304713
**dgonzalez@delgadofernandez.com**