IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KIMBERLY STARLING,

**Petitioner,**

**v.**

Misc. No. 26-129 (FAB)

NAVLAN PR, LLC, *et al.*,

**Respondents.**

## MEMORANDUM AND ORDER

BESOSA, Senior District Judge.

Before the Court are respondent Navlan PR, LLC ("Navlan") and Ryan Blackman ("Blackman" and collectively with Navlan, "respondents")'s motion to quash service of a motion to enforce subpoenas. (Docket No. 13.) For the following reasons, respondents' motion to quash is **DENIED**.

Petitioner Kimberly Starling ("Starling") sued Allstate Insurance Company in the United States District Court for the Northern District of Illinois, alleging that she received an unsolicited robocall from Allstate in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. See Docket No. 1 at p. 1. In connection with that case, Starling sought discovery from Navlan and its principal, Ryan Blackman, both of whom are alleged to be residents of Puerto Rico. They are not parties in the Illinois action. After attempts to personally

serve Navlan and Blackman failed, Starling sought and received leave from the district court in Illinois to serve subpoenas via mail and e-mail.  See Docket No. 1-1 at p. 52 (order authorizing alternative service).  Two subpoenas were served, one to Navlan requesting production of documents by October 31, 2025, and one to Blackman requesting attendance at a deposition to be held on November 7, 2025.  See Docket No. 1-1 at pp. 60-70 (subpoena against Navlan); Docket No. 1-1 at pp. 71-81 (subpoena against Blackman).

Neither Navlan nor Blackman responded to the subpoenas in a timely fashion.  On November 26, 2025, Starling received an e-mail from attorneys at Delgado & Fernández LLC, who were engaged to represent Navlan and Blackman, stating that they objected to the form of service but nevertheless agreed to send over some documents.  See Docket No. 1-1 at pp. 83-84.  Some documents were purportedly sent, but Blackman never attended a deposition.  See Docket No. 1 at pp. 2-3.  In response, Starling filed her current motion to enforce before this Court, asserting that this Court has the authority to enforce the subpoenas because Puerto Rico is the "district where compliance is required."  See Docket No. 1 at p. 5; Fed. R. Civ. P. 45(d)(2)(B)(i); Fed. R. Civ. P. 45(g).

Starling attempted to personally serve Navlan and Blackman with a copy of the motion but, as was the case with the subpoenas

themselves, was unable to do so.  See Docket No. 6 at pp. 2-7. The registered agent address listed in the Puerto Rico Department of State Corporations Registry for Navlan was occupied by an accounting firm with no knowledge of Navlan. Id. at p. 6.  As for Blackman, the process server attempted to visit his address at 11 Golf View Drive in Dorado, but was blocked from entering the gated community by a security officer, who purportedly stated that he was given standing instructions not to allow process servers to enter the complex.  Id. at p. 4.  When Starling's process server attempted to contact the attorneys at Delgado & Fernández LLC, he was told that the firm had no information about Blackman.  Id. at p. 6.  After these attempts failed, Starling sent the motion to the respondents and their attorneys by mail and also received permission from the Court to deliver the motion by e-mail.  See Docket No. 16-1 at pp. 2-3 (declaration of attorney Anthony Ramos stating that he mailed the motion to enforce to the respondents on May 1, 2026); Docket No. 6 (request for service by alternative means, dated May 28, 2026); Docket No. 7 (order granting request for service by alternative means, dated May 29, 2026).

On June 15, 2026, the respondents, through counsel Delgado & Fernández LLC, entered what it termed a "limited appearance" to contest the manner of service of the motion to enforce the subpoenas.  See Docket No. 13.  Counsel argue that Starling's

methods of service did not comply with the rules for serving a summons, and that consequently, the Court does not have personal jurisdiction over Navlan and Blakeman. Id. Starling responded, arguing that service of the motion only needed to comply with the rules for serving a motion and not with the rules for serving a summons. (Docket No. 16.) Respondents replied. (Docket No. 20.)

To summarize respondents' argument, they object to the service of the motion to enforce the subpoenas because the service failed to comply with the strictures of Federal Rule of Civil Procedure 4 ("Rule 4"), governing service of a summons. Respondents allege that because the service of the motion failed to comply with Rule 4, the Court may not exercise personal jurisdiction over them. The Court disagrees with both steps of respondents' argument.

First, the Court finds that service of the motion to enforce the subpoenas was proper pursuant to the Federal Rules of Civil Procedure. Service of a motion to enforce a subpoena is governed by Rule 5, not Rule 4. See Freeman v. Giuliani, Civil No. 21-3354 (BAH), 2023 U.S. Dist. LEXIS 129605, at *20-23 (D.D.C. Jul. 13, 2023) (applying Fed.R.Civ.P. 5, governing service of post-summons motions, to a motion to enforce a subpoena). One such permitted method of serving a motion pursuant to Rule 5 is by mailing the motion to the party and his or her attorney. See Fed.R.Civ.P.

Misc. No. 26-129 (FAB)                                                      5

5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party"); 5(b)(2) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]")  This is exactly what Starling did – she mailed copies of the motion to Blackman, Navlan, and their attorneys at Delgado & Fernández LLC.  Indeed, this service was sufficient even before she requested leave from the Court to serve by e-mail, rendering the e-mail service superfluous.

Second, the respondents were served in a manner adequate to allow the Court to exercise personal jurisdiction.  Respondents are correct in asserting that "[a] district court [] must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." Gucci Am. v. Bank of China, 768 F.3d 122, 141 (2d Cir. 2014).  But for actions involving subpoenas, the relevant service is service of the subpoena itself, not the motion to enforce.  Proper service of a subpoena, which is governed by Rule 45 and not Rule 4, satisfies the service requirement of due process.  Cf. Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 262 F.R.D. 293, 304 (S.D.N.Y. 2009) ("The purpose of requiring delivery [of a subpoena] to a named person is to ensure

Misc. No. 26-129 (FAB)                                                    6

receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process.") (internal quotation marks omitted).

Respondents do not mount a forceful challenge to Starling's service of the subpoenas, beyond stating only once that service was improper. See Docket No. 13 at p. 2. The Court finds that Starling properly served the subpoenas on respondents Navlan and Blakeman. Rule 45 specifies that "[s]erving a subpoena requires delivering a copy to the named person[.]" "The longstanding interpretation of Rule 45 has been that personal service of subpoena is required." Bloom v. Campbell, Civil No. 24-10339-RGS, 2025 U.S. Dist. LEXIS 115190, at *2 (D. Mass. Jun. 17, 2025) (quoting Civelli v. J.P. Morgan Securities, LLC, No. 2:21-mc-00163-JCN, 2021 U.S. Dist. LEXIS 126708, at *3 (D. Me. Jul. 8, 2021)). "[A] growing number of courts[, however,] have approved alternative service of a subpoena so long as service is calculated to provide timely actual notice." Id.; see also Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (holding that certified mail is a permissible means for serving a subpoena under Rule 45). Starling received approval for alternative service of the subpoenas from the district court in Illinois after making efforts to serve respondents personally. She sent the subpoenas both by mail and e-mail to the last known physical addresses for

Misc. No. 26-129 (FAB)                                                    7

each, and to e-mail addresses that she previously used to correspond with them.  See Docket No. 1 at p. 2.  Respondents clearly received the subpoenas because they responded, albeit belatedly and in an allegedly incomplete fashion.  Accordingly, as with the motion to enforce, respondents were properly served with the subpoenas.  Their contention that service was inadequate to allow the Court to exercise personal jurisdiction is misplaced.

For the above reasons, the Court finds that service of the motion to enforce the subpoenas was proper, and that respondents' request to quash is unsupported.  Respondents' motion to quash service of the motion to enforce the subpoenas is **DENIED**.  (Docket No. 13.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 17, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
