**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

KIMBERLY STARLING, on behalf of herself and others similarly situated,

Petitioner,

v.

NAVLAN PR, LLC d/b/a INBOUNDCD, and RYAN BLACKMAN,

Respondents.

CIVIL NO. 26-mc-129-FAB-MEL

**MOTION FOR ENTRY OF ORDER COMPELLING NAVLAN PR, LLC D/B/A INBOUNDCD AND RYAN BLACKMAN TO COMPLY WITH SUBPOENAS, OR IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Plaintiff Kimberly Starling ("Plaintiff"), the plaintiff in the underlying lawsuit, *Starling v. Allstate Ins. Co.*, No. 1:25-cv-4000 (N.D. Ill.) ("the Lawsuit"), requests an Order compelling Respondents Navlan PR LLC d/b/a InboundCD and Ryan Blackman (collectively, "Respondents") to comply with the subpoenas issued in the Lawsuit. Alternatively, Plaintiff requests that the Court transfer this matter to the United States District Court for the Northern District of Illinois (the "Illinois Court") pursuant to Fed. R. Civ. P. 45(f) for further proceedings.

## I. RELEVANT BACKGROUND

On April 13, 2026, Plaintiff filed this subpoena enforcement action against Respondents seeking an order compelling Respondents to comply with the subpoenas issued in the underlying Lawsuit. [*See*, Motion to Enforce Subpoenas ("Motion"), ECF No. 1]. On May 28, 2026, Plaintiff

filed a motion for leave to serve Respondents by alternative means. [ECF No. 6]. On May 29, 2026, the Court granted the motion for leave to serve Respondents by alternative means [ECF No. 7] and Plaintiff served Respondents in accordance with that Order. [ECF No. 8].

On June 15, 2026, Respondents filed a Motion to Quash Service of the Motion to Enforce the Subpoenas. [ECF No. 13]. On July 6, 2026, Plaintiff filed her Response. [ECF No. 16]. On July 14, 2026, Respondents filed their reply. [ECF No. 20].

On July 17, 2026, the Court denied Respondent's Motion to Quash. [ECF No. 21]. The Court found that "service of the motion to enforce the subpoenas was proper, and that respondents' request to quash is unsupported." [*Id.* at 21]. Accordingly, Respondent's Opposition, if any, was due, at the very latest, on July 31, 2026. *See* L.Civ. R. 7(b) ("Unless within fourteen (14) days after the service of a motion the opposition party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion."). To date, Respondents have not filed a response to Plaintiff's Motion.

On August 6, 2026, counsel for the parties held a videoconference to discuss the outstanding subpoenas. On August 7, 2026, Respondents filed an Informative Motion noting that the parties conferred on August 6, 2026, to discuss the subpoenas. [ECF No. 22]. On August 14, 2026, as discussed during the videoconference, Plaintiff provided Respondents with a copy of Respondent Navlan PR, LLC's telephone records obtained in the Litigation that refuted Respondent's claims that it was not involved in the outbound call to Plaintiff and/or the transfer of that call to the Allstate agency Plaintiff was connected with during the call. Thereafter, Respondents did not produce any documents or respond to the subpoena, as previously agreed. In addition, Respondents advised that they were not available for the entire month of October for

depositions due to unspecified travel. The parties tentatively agreed to November deposition dates, and Plaintiff requested that the parties stipulate to an order regarding the production of complete responses to the subpoenas and dates and times for the depositions. Plaintiff provided Respondents' counsel with a proposed stipulation on October 20, 2026.

On October 21, 2026, counsel for Respondents advised that he would review the proposal and revert on October 22, 2026. No response was provided. On October 23, 2026, counsel for Respondents filed a Motion to Withdraw as Counsel of Record [ECF No. 24], which was subsequently granted. [ECF No. 25].

The Court ordered Respondents to obtain substitute counsel by November 23, 2026. [*Id.*]

## II. ARGUMENT

### A. The Court Should Grant Plaintiff's Motion to Enforce the Subpoenas Against Respondents

Rule 45 permits a party to obtain relevant information in the form of documents or deposition testimony from a non-party through issuance of a subpoena. *See* Fed. R. Civ. P. 45; *see also Datta v. Armor Correctional Health Servs., Inc.*, No. 8:15-cv-601-T-27TBM, 2015 WL 12838185, at *2 (M.D. Fla. July 17, 2015). Rule 45 authorizes a party serving a subpoena to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(1).

Despite their Motion to Quash being denied [*see* ECF No. 21], Respondents have not filed an opposition to the Motion to Enforce the Subpoenas [ECF No. 1] or complied with the subpoenas themselves. Despite tentatively providing available dates, Respondents also have not firmly agreed to such dates for their depositions to occur and did not respond to a proposed stipulation

regarding the same. And, Respondents' counsel has withdrawn from this matter, further complicating communication with Respondents. This appears to be yet another attempt to delay this matter and frustrate discovery in the underlying Lawsuit.

The subpoenas seek integral information for the underlying Lawsuit, namely the complete calling records of Respondents showing all of the individuals Respondents called using prerecorded or artificial voice on behalf of Allstate and its agencies. Defendant Allstate has represented that it does not have Respondents' calling records. Plaintiff seeks this information so that she can move the underlying class action Lawsuit forward and file a motion for class certification. Respondents' evasion, false statements, continued delay, and refusal to provide this important discovery and information is delaying and frustrating the underlying Lawsuit.

The time for Respondents to respond to the motion to compel has long lapsed. Respondents have not sought an extension of time. Respondents are not entitled to any more time to oppose the motion, or impose any further procedural barriers to the relief Plaintiff seeks. As Respondents stated in their Informative Motion, Respondents have "agreed to provide all available responsive information and documents to [Plaintiff]." [ECF No. 22, p. 2]. While they qualified their agreement "subject to any objections available to Respondents as non-parties to the underlying action," no such reservation was discussed during the videoconference, they never expressed what those objections were, and they did not assert a single objection in the time required to preserve the objection.

Former counsel's decision to suddenly withdraw, as Plaintiff was pushing for deposition dates and a stipulation to resolve the matter, appears to fit Respondents' broader pattern of ongoing gamesmanship, delay, and evasiveness. The discovery deadline in the underlying matter

was recently extended to January 5, 2027. [ECF No. 68 in the Lawsuit]. It is clear to Plaintiff that Respondents are simply trying to run out the clock at this point and frustrate discovery into their illegal calling campaign done on behalf of Allstate. It also appears that Respondents are actively destroying the evidence Plaintiff seeks, as the website where Allstate agents could access their telemarketing data sold and provided to them by Respondents appears to have been taken offline and deleted.[1]

Therefore, Plaintiff requests that the Court enter an Order compelling Respondents to produce documents responsive to Plaintiff's subpoenas by or before November 30, 2026; and to compel Ryan Blackman to appear for a deposition by videoconference on December 7, 2026.

**B. Alternatively, the Court Should Transfer the Subpoena-Related Motion to the United States District Court for the Northern District of Illinois**

The court where compliance with a subpoena is sought has discretion to transfer related motions to the issuing court upon a finding of "exceptional circumstances." Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). Exceptional circumstances may be found where transfer to the issuing court "avoid[s] disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *See* Fed. R. Civ. P. 45 advisory committee's

---

[1] *See* www.inboundcd.com (last accessed Oct. 27, 2026) (showing the page is currently for sale via GoDaddy). The Internet Archive "Wayback Machine" includes a snapshot of the website from June 15, 2026, showing the website was active and in operation. *See* *https://web.archive.org/web/20260615042522/https://inboundcd.com/* (last accessed Oct. 27. 2026).

notes (2013 amendment). "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*.

Rule 45(f)'s "prime concern" is "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendment). "[C]ourts weighing transfer under Rule 45(f) must carefully balance the 'interest of the nonparty in obtaining local resolution of [a subpoena-related] motion' against the interest 'in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.'" *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)); *see also Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions . . . when transferring the matter is in the interests of judicial economy and avoiding inconsistent results." (citation and internal quotation marks omitted)).

**1. Transferring this Action Reduces the Risk of Inconsistent Rulings and Increases Judicial Economy.**

The underlying Lawsuit has been pending for 18 months. Discovery in the underlying Lawsuit has been extensive (tens of thousands of pages of discovery produced) and contentious, involving numerous discovery disputes and hearings with the Illinois Court, where the District Judge is closely overseeing the matter. The discovery sought by the subpoenas issued to Respondents overlaps with other discovery sought from Allstate. Allstate has produced communications with Respondents and certain other information regarding their relationship and calling campaigns; however, there are large gaps in discovery that can only be provided by Respondents. And, there is likely information in the possession of Respondents' service providers

and telephone carriers that only Respondents can identify and produce. Plaintiff also has case management deadlines to meet, notwithstanding the resistance to discovery by Respondents.

The "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of [the] disputes." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014); *see also Moon Mountain Farms, LLC*, 301 F.R.D. at 429 ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."). The Illinois Court is intimately familiar with the history, procedural posture, as well as the claims and defenses in the underlying Litigation. Because of the Illinois Court's involvement in prior discovery disputes, and its understanding of the documents and records already produced by Allstate, it is in a position to assess any objections by Respondents to the information sought by Plaintiff's subpoenas based on its knowledge of the record as a whole, and to analyze proportionality issues concerning the requested discovery, especially considering the documents Allstate has already produced in the underlying Litigation. Indeed, the parties to the underlying Lawsuit previously engaged in a sampling of certain Allstate agencies that utilized the services of Respondents. The discovery sought by the subpoenas could be prioritized to such agencies in the first instance to increase efficiency. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211–12 (Fed. Cir. 1987) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder.'")

Additionally, the Illinois Court is better situated to determine whether its ruling on the Motion to Enforce should affect the scheduling deadlines in the Underlying Lawsuit, in light of

Plaintiff's anticipated filing of a motion for class certification. A transfer to the Illinois Court will eliminate the risk of inconsistent discovery rulings, avoid disruption of that Court's management of the Lawsuit, and will promote judicial economy. *See Moon Mountain Farms, LLC v. Rural Cmty.Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014) (finding exceptional circumstances, where a ruling on a motion to compel required the court where compliance with the subpoena was sought "to duplicate review already conducted by the [court that issued the subpoena]" and risk disrupting the issuing court's management of the underlying litigation); *see also Wultz v. Bank of China*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding exceptional circumstances, where the underlying litigation was "highly complex and intricate," and the court presiding over the underlying litigation was familiar "with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation."). Transfer will streamline discovery administration and prevent inconsistent rulings.

**2. The Burden on Respondents is Minimal**

Transfer of this matter will not materially burden Respondents. Respondents entered into an agreement with Allstate, in which Respondents procured leads, via telemarketing, for Allstate's agents over a number of years. It is the telephone calls placed in accordance with that agreement that form the basis of the underlying Litigation. Allstate is headquartered in Illinois, a fact Respondents knew when they entered into their agreement with Allstate. Further, at the time Respondents entered into the agreement with Allstate, Respondents were based in Wyoming (*i.e.*, 34 N. Franklin Ave., Suite 687-1845, Pinedale, WY 82941). Further, Respondents provided services to Allstate agents located throughout the United States. Respondents conducted business throughout the United States, via its connection to Illinois, and should reasonably expect to have

to deal with legal issues emanating from that relationship in the state where they began that relationship.

Further, most of the documents and records Petitioner seeks are likely in electronic form and can be produced in that same manner. Petitioner has also offered to take Respondents' depositions via videoconferencing, further minimizing the burden to Respondents.

There is little to no burden on Respondents if this matter is transferred to Illinois. Accordingly, exceptional circumstances warrant transferring this subpoena dispute to the Illinois Court.

### 3. The Court can Transfer the Motion Now

Nothing prohibits the Court from transferring the Motion to the Illinois Court at this time. Rule 45(f) allows the Court to transfer a motion if the subject of the subpoena consents *or* if the court finds exceptional circumstances. *See* Fed. R. Civ. P. 45(f). The Court need not wait until Respondents' new counsel, *if any*, appears. Doing so would only reward Respondents' gamesmanship and allow Respondents additional opportunity to destroy critical evidence.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant Plaintiff's Motion to Enforce Subpoenas, enter an order (i) commanding Respondents to produce all responsive documents by November 30, 2026, to the email addresses of Plaintiff's counsel of record in this action, and to file with the Court a declaration under penalty of perjury that all responsive documents in Respondents' possession, custody, and control were produced, (ii) commanding Respondents to appear by videoconference at their depositions on December 7, 2026, and (iii) for such other relief as the Court deems just and appropriate.

Alternatively, Plaintiff requests that the Court transfer this matter to the United States District Court for the Northern District of Illinois.

Dated: October 28, 2026

/s/ Jairo Mellado-Villarreal
Jairo Mellado-Villarreal (USDC No. 208112)
jmellado@mellado.com

Tessie Leal-Garabis (USDC No. 218408)
tleal@mellado.com

MELLADO & MELLADO-VILLARREAL LLC
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel.787-767-2600/Fax 787-767-2645

Max S. Morgan, Esq. (Pending *Pro Hac Vice)*
(PA Bar No. 316096)
max.morgan@theweitzfirm.com
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875

*Counsel for Petitioner Kimberly Starling*

**Certificate of Service**

I hereby certify that pursuant to L.Cv.R. 5.1(b) (2), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system..

The motion was also sent via First Class U.S. Mail to the following:

Ryan Blackman, 11 Golf View Drive, Dorado, PR 000646

Navlan PR LLC c/o Ryan Blackman, 11 Golf View Drive, Dorado, PR 000646.

In San Juan, Puerto Rico, this 28th day of October, 2026.

*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com

**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645